[No. 10588.   Department Two.   February 28, 1913.]

Gustave Lewis, *Respondent*, v. Seattle Taxicab Company, *Appellant*.[1]

Municipal Corporations—Streets—Use—Collision with Automobile—Contributory Negligence—Question for Jury. It is not contributory negligence, as a matter of law, for a pedestrian, about to board a street car, to fail to look for and see an approaching automobile, seventy-five feet away, or to fail to keep a lookout for it while crossing the street, where the pedestrian was in full view of the driver, and there was room for the driver to turn to one side (Morris, J., dissenting).

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 19, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Brightman, Halverstadt & Tennant*, for appellant.

*Chas. M. Fouts*, for respondent.

Fullerton, J.—The respondent was struck by an automobile, driven by a chauffeur of the appellant, and received injuries for which he recovered in the court below. In this court but one principal question is urged in the argument, namely, was the respondent guilty of negligence contributing to his injury.

The respondent was injured while on Yesler Way, in the city of Seattle, at a point near the junction of the Way and James street. At this place, cars from various parts of the city have a common track, and stop there to receive and discharge passengers. The respondent approached the place at about 5:15 o'clock in the evening, intending to take a car for his home. There were two cars then standing on the car tracks, neither of which were bound for the vicinity of his residence, and he waited the approach of the proper car.

[1]Reported in 130 Pac. 341.

Shortly thereafter his car was seen approaching, and he alternately looked at it and at the cars then standing on the street to see whether the latter moved out before the other car approached, as it made a difference as to the place his car would stop whether the cars then on the track remained there or moved out before his car arrived. Finally concluding that the car would stop further down the street than its usual stopping place, he started in that direction, walking diagonally across the street from the place where he left the sidewalk. He had gone perhaps fifteen feet, and was probably ten feet from the sidewalk, when he was knocked down by the appellant's automobile, which approached him from behind. He testified that, before leaving the sidewalk for the street, he looked in the direction from which the automobile approached, and that in looking at the standing street cars his field of vision naturally took in its line of approach, but failed to see it, and that he did not again look in that direction after leaving the walk before he was struck by the automobile. The jury, however, in answer to special interrogatories returned with their general verdict, found that he could have seen the automobile prior to leaving the sidewalk had he glanced in the direction from which it was approaching, and, also, that after he left the sidewalk and prior to being struck, there was nothing to prevent him from seeing the approaching automobile had he looked in that direction. The evidence was conflicting on the question whether or not any alarm was sounded as the automobile approached the respondent; and in conflict, also, as to the distance the car was from the respondent at the time he left the walk, and as to the speed at which it was running. There was, however, evidence in the record from which the jury could have found that no alarm was sounded and that the automobile was upwards of seventy-five feet from the respondent when he left the walk, and that it was running at a speed of from eight to twelve miles an hour.

The appellant does not dispute that the evidence was sufficient to take the case to the jury on the question of the negligence of the chauffeur, but contends that the act of the respondent in stepping into the street and starting across the same without looking for approaching automobiles, or looking so carelessly as to fail to see one approaching him at a distance of seventy-five feet, was such negligence as to prohibit a recovery on his part on the doctrine of contributory negligence.   But it has seemed to us that the trial judge rightfully submitted the question to the jury.   The respondent did not step from the street immediately in front of the automobile, nor did he in crossing the street any time obstruct its path.   He was as much in the view of the driver of the automobile as the automobile was in his view, and as there was room to pass him on either side, we think it too much to say, as a matter of law, that he was required to take notice of the particular part of the street the automobile driver desired to use, and keep off that particular part.   We think it was a question for the jury to say whether, under the circumstances, he did not have the right to assume that an automobile coming towards him from a direction opposite to that in which he was going would pass him on one side or the other instead of running him down.

On the question of the degree of care required of persons while crossing public streets used by passing vehicles, the appellant cites from this and other courts a number of cases of injury caused by railroad trains and passing street cars; but it is at once apparent that these cases can hardly be said to be in point except as they may state general principles. The degree of care required of a pedestrian crossing a railroad or street car track is much higher than is the care required of one crossing an ordinary public street where only passing teams or automobiles are to be encountered.   Railroad trains and street cars must move on a fixed track, and the track is, for that reason, at once a warning of danger and a marking of the zone of safety; the cars are heavy and

cumbersome and cannot turn aside to avoid a collision or be brought quickly to a stop when once in motion; hence the persons directing the movements of such cars are limited in their powers to protect persons found upon the track. But this is not true with reference to ordinary vehicles. The driver of these has freedom of choice as to the part of the street he will drive them upon; they can be turned quickly to one side or the other, and are capable of easy control otherwise. As to these, therefore, the footman may rely on the presumption that, so long as he occupies one place or pursues a given course, he need not be run into, and to fail to keep a lookout for the approach of such vehicles is not necessarily want of care. The degree of care required of such a person of course varies with the circumstances. It depends largely upon place and upon the condition of the street; whether the street is crowded with traffic or comparatively free therefrom; whether he enters the street at a place usually used by travelers on foot, and perhaps on many other conditions, but the degree of care required is ordinary care under the circumstances, and this as we say may be vastly different from ordinary care with reference to crossing fixed tracks upon which railway or street cars are operated.

Neither do we think the case of *Minor v. Stevens*, 65 Wash. 423, 118 Pac. 313, in point with the contention of the appellant. That case was reversed and remanded because the court thought the jury had not determined the question of the injured person's contributory negligence, not that he was guilty of contributory negligence as a matter of law.

The special findings of the jury are not inconsistent with the general verdict. Failing to look for an approaching automobile before stepping into a street to take passage on a street car at the car's usual stopping place, or failing to look for an automobile while on the way to such a car, is not negligence as a matter of law under all circumstances, and we do not think the facts in the case before us justify the

conclusion that it was negligence as a matter of law in this instance.

The judgment is affirmed.

MOUNT, ELLIS, and MAIN, JJ., concur.

MORRIS, J. (dissenting)—I dissent. The automobile came from the east, while respondent was walking southwest. The right front wheel of the automobile ran over the right foot of respondent as he advanced it for an additional step. It will thus be seen that part of the automobile passed a part of respondent's body before it hit him. A second later and respondent would have walked into the machine. I am convinced respondent centered his entire attention on the street cars and gave no attention at all to other traffic on the street. Had he done so, he would not have been injured.