[No. 11572.   Department One.   March 20, 1914.]

FRANK CHASE, *Respondent,* v. SEATTLE TAXICAB AND TRANSFER COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—AUTOMOBILES—NEGLIGENT DRIVING—EVIDENCE—SUFFICIENCY. The negligence of the driver of a taxicab in striking a pedestrian, within three feet of the curb while rounding a curve, is sufficiently established, where there was evidence that the streets were well lighted and unobstructed, that the pedestrian was crossing the street at a crossing and for half a block in full view of the driver, who sounded no warning of his approach.

SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether a pedestrian crossing a street at a crossing is guilty of contributory negligence in failing to look a second time, is a question for the jury, where it appears that, when about the middle of the street, he looked and saw a taxicab approaching one block away, and continued in his course without hesitation or vacillation.

SAME—COLLISION WITH AUTOMOBILE — PROXIMATE CAUSE — LAST CLEAR CHANCE. The negligence of the driver of a taxicab which struck a pedestrian at a street crossing, is the proximate cause of the accident, and the pedestrian's contributory negligence is only a remote cause, if he was proceeding in a way to indicate to the driver that he was unconscious of the approach of the car, and the driver saw or should have seen him, and observed his peril in time to avoid striking him.

[1]Reported in 139 Pac. 499.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $1,000 for personal injuries sustained by a longshoreman, 58 years of age, earning $15 dollars a week, is not excessive, where he sustained a fracture of the elbow, and a sprain of the shoulder, which was slow in repair, he had lost $200 in wages and' incurred a doctor's bill of $75, and was earning but $5 per week more than four months after the accident, and might be prevented from performing hard labor for a considerable time.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 3, 1913, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by a pedestrian, struck by a taxicab. Affirmed.

*Brightman, Halverstadt & Tennant,* for appellant.
*Wm. Brueggerhoff,* for respondent.

Gose, J.—The plaintiff was struck by a taxicab owned by the defendant and driven by one of its agents, and in this action seeks redress for his injuries. There was a verdict and judgment for the plaintiff for $1,000.

The appeal presents four questions: (1) the negligence of the appellant; (2) the contributory negligence of the respondent; (3) the correctness of the instructions; and (4) were the damages awarded excessive.

The respondent, fifty-eight years of age, a longshoreman by occupation, on the 11th day of December, 1912, at about the hour of six o'clock, a. m., was struck and knocked down by one of the appellant's taxicabs, at a point about three feet from the curb, at the northwest point of intersection of Jackson street and Fifth avenue, in the city of Seattle. Jackson street runs east and west; the avenue runs north and south, and is forty-two feet in width between the curb lines. A double-tracked electric car line is operated upon both the street and the avenue. Main street is one block north of Jackson street. The respondent, with a companion, was walking west on Jackson street. When he was at the east rail of the east car track, he saw the light of the taxicab at Main street. He

continued west along the avenue without further observation of the car, and was struck at the point indicated. He and his companion and another witness who saw the accident say that the driver of the taxicab did not sound his horn or give other warning of his approach. The taxicab continued south on Fifth avenue, and in making a sharp turn into Jackson street, struck the respondent, as above stated. There were no street cars and no other vehicles in the vicinity. The streets were well lighted and the taxicab had its lights on. There was nothing to prevent the driver of the taxicab from seeing the respondent for at least a half block from the point of contact. The driver said that there was rain upon his wind shield, and that he could not see through it; that he looked around it when about thirty feet distant from the point of contact, saw the respondent, and sounded his horn; that the respondent stopped, and that he did not see him again until he was practically upon him. The respondent said that he did not stop, and that he heard no horn or other warning. The driver said that it rained that morning after he left the garage a few minutes before the accident. This statement is disputed by the respondent and his witnesses. Upon these facts, the negligence of the driver is too apparent to merit discussion.

Upon the second proposition it is equally obvious that the question of the contributory negligence of the respondent was for the jury. The respondent saw the taxicab a block to the south, and proceeded in a uniform course without hesitation or vacillation. Whether his failure to look a second time was such negligence as to prevent a recovery was for the jury. *Lewis v. Seattle Taxicab Co.*, 72 Wash. 320, 130 Pac. 341; *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892.

Counsel for the appellant argues that the *Lewis* case is not only wrong in principle, but is in conflict with *Minor v. Stevens*, 65 Wash. 423, 118 Pac. 313, 42 L. R. A. (N. S.) 1178; and *Dimuria v. Seattle Transfer Co.*, 50 Wash. 633, 97 Pac. 657, 22 L. R. A. (N. S.) 471. A reading of the

*Minor* case will disclose that it was reversed because the jury failed to determine the issue of contributory negligence. This view is made plain by the fact that the case was remanded for a new trial and not for a dismissal. It was not there questioned but that there was sufficient testimony to support the verdict. In the *Dimuria* case, the injured party was walking with an umbrella over his head, carried in such a way as to shut off his vision, and did not look at all for moving objects. The case at bar is distinguishable from that line of cases where the injured party either stepped suddenly in front of a moving car or automobile without looking, or where his injury was due to his hesitation or vacillation.

The verdict may be sustained upon another ground. If the respondent was proceeding in a way that would have indicated to a reasonably prudent man that he was unconscious of the approach of the taxicab, and the driver saw him, or in the exercise of reasonable care ought to have seen him, and observed his state of mind and discovered his peril in time to avoid striking him, and failed in this duty, he was guilty of negligence and his negligence was the proximate cause of the injury; while the negligence of the respondent, if any, was a remote cause. *Hillebrant v. Manz, supra; Benson v. English Lumber Co.*, 71 Wash. 616, 129 Pac. 403. This phase of the case was covered by a proper instruction.

What we have said in the preceding paragraph disposes of the alleged error in one of the instructions.

The verdict and judgment were for $1,000. It is contended that the amount awarded is excessive. The plaintiff was injured on the 11th day of December, 1912. The trial began on the 22d day of April, 1913. As we have stated, the respondent was fifty-eight years of age and a longshoreman by occupation. He testified that, as a result of his injuries, he was still unable to perform hard labor. His physician testified that he received a fracture of the coronoid process of the upper portion of the ulna, where it forms a part of the elbow joint; that he sustained a sprain of the shoulder; that

a sprain is worse than a break; that, owing to the age of the respondent, the process of repair is slow, and that the injuries may prevent the respondent from performing hard labor for a considerable period of time. The testimony shows that, at the time of the trial, the respondent had lost in wages not less than $200; that he had incurred a doctor's bill of $75; that, before the injury, he had earned on an average fifteen dollars per week, and that at the time of the trial he was earning an average of five dollars a week. Upon these facts, we do not feel warranted in saying that the verdict is excessive.

The judgment is affirmed.

CROW, C. J., ELLIS, and MAIN, JJ., concur.