[No. 12827. Department One. February 17, 1916.]

FLORENCE E. STEPHENSON, *Administratrix, Respondent*, v. BERT PARTON et al., *Appellants*.[1]

HIGHWAYS—USE FOR TRAVEL—NEGLIGENCE. It is negligence to drive an automobile against a man standing in the highway beside his wagon, the view being unobstructed and there being ample level space in the traveled road to avoid hitting him.

SAME—INSTRUCTIONS. An instruction to that effect is not erroneous as placing the whole burden on the defendant without reference to contributory negligence; since it was the driver's duty to avoid hitting him.

SAME—INSTRUCTIONS—NEGLIGENCE. In an action for the wrongful death of a person struck by an automobile, an instruction to the effect that, if the deceased had turned from his vehicle, was going away from it, and was run into without negligence on his part, and if his injury was the result of carelessness or negligence on the part of the defendant, the plaintiff could recover, is correct.

SAME—INSTRUCTIONS—LAST CLEAR CHANCE. In an action for the wrongful death of a person struck by an automobile while standing in the street beside his vehicle, or stepping away from the same, where he was seen by the driver two hundred or three hundred yards away, an instruction upon the doctrine of last clear chance is not reversible error.

APPEAL—HARMLESS ERROR—VERDICT. In an action for wrongful death, the defendant is not prejudiced by allowing the jury to segregate the damages and bring in separate verdicts for the different beneficiaries, where it is not claimed that the total amount of the judgment is excessive.

[1]Reported in 155 Pac. 147.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered November 17, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Englehart & Rigg*, for appellants.

*George B. Holden*, for respondent.

Mount, J.—On June 25, 1914, Oliver P. Stephenson was run over and killed by an automobile being driven by Miss Ruth Parton. This action was brought by the administratrix of his estate. She alleged negligence on the part of the defendants, and prayed for damages in the sum of $9,000 for the widow; $1,500 for a married daughter of the age of 22 years; $2,000 for a minor daughter 16 years of age; and $2,500 for a daughter 13 years old.

The defendants, for answer to the complaint, denied the material allegations thereof, and set up the defense of contributory negligence on the part of the deceased. The case went to trial upon these issues. The defendants, at the close of the plaintiff's evidence, moved for a directed verdict. At the close of all the evidence, the motion for a directed verdict was renewed. These motions were denied. The jury returned a verdict in favor of the plaintiff as follows: To the widow, Florence E. Stephenson, $2,000; to the daughter Myrtle Stephenson, $700; and to the daughter Ethel Stephenson, $800. The court instructed the jury that they could not find any damages for the married daughter.

After verdict, a motion was made for judgment notwithstanding the verdict, and for a new trial. These motions were denied, and a judgment was entered in accordance with the verdict. The defendants have appealed from that judgment.

It is urged, first, that the court erred in denying the motions for a directed verdict, and the motion for judgment *non obstante*. The facts are substantially as follows: On

the day named, the deceased was a mail carrier, carrying mail between White Swan and North Yakima, in Yakima county. At about noon of that day, when he was driving a light wagon to which was attached a team of horses and carrying one passenger, he reached the main road leading into North Yakima, a few miles therefrom. He stopped his team and wagon on the left-hand side of the road. The road at this point was a graveled turnpike seventeen feet in width. Running parallel with this graveled road and to the right of it, was a common dirt road about five feet wide. This dirt road was about two feet lower than the main traveled graveled road. Between the dirt road and the graveled road there was a strip of weeds or small sage brush and gravel. This strip was about four feet wide and inclined to the dirt road; so that vehicles were readily driven from one road onto the other.

Mr. Stephenson, after stopping his hack at the left-hand side of the graveled road, left the passenger holding the team while he had a conversation with a man who was working upon the road. He then returned to the back part of his wagon and was drawing a rope therefrom, at the hind wheel and on the right-hand side of the wagon. He was standing about the center of the graveled road. Ahead of Mr. Stephenson's wagon and on the left thereof, and outside of the graveled road, was a buggy standing, with a horse tied behind it.

While Mr. Stephenson was at the back of his wagon taking the rope therefrom, Miss Parton came up driving an automobile in the same direction Mr. Stephenson's team was headed. When two or three hundred yards away, she saw him and signaled with her automobile horn. Stephenson glanced in that direction but continued to take the rope from his wagon. Miss Parton drove up to him and, the witnesses for the plaintiff testified, struck him with the front of her automobile, knocked him down, dragged him a few feet, and stopped her automobile before the hind wheel thereof ran

over him. The day was clear and bright. The surface of the road was level and smooth, and there was no one else in the road, and nothing to obstruct the view in either direction for several hundred yards.

There is some evidence in the record to the effect that Miss Parton, after she blew the horn of her automobile, did not see the deceased until she was upon him. The defense was that, when Miss Parton drove up near to where Mr. Stephenson was standing, he turned and stepped a few steps in front of the automobile, and that in doing so, Miss Parton could not escape striking him.

It is first argued by the appellants that there was no evidence of negligence on the part of Miss Parton; and second, that the evidence shows contributory negligence on the part of the deceased. If the facts are as stated by the respondent's witnesses, that Mr. Stephenson was standing on the right side of his wagon drawing a rope therefrom, it was clearly the duty of Miss Parton, who was passing him in that position, to avoid him. The evidence shows that there was ample room in which to avoid him. It is negligence to run upon a man who is standing in the highway surrounded by the circumstances here related. While it is no doubt true that a person in a highway must use care, yet when one is rightfully in the highway, and standing there, another person certainly cannot run him down without being guilty of negligence. If, as is contended by the appellants, the deceased was in a place of safety, and stepped in front of the automobile where there was no chance to avoid being struck, the deceased was guilty of negligence. These questions, under the evidence, were clearly questions for the jury. We are satisfied that the court did not err, therefore, in refusing to direct a verdict in favor of the defendants, nor in refusing to grant a judgment notwithstanding the verdict.

Upon the trial, the court instructed the jury as follows:

"If you find that the deceased, Oliver P. Stephenson, at the time and place alleged in the complaint, was standing by

his vehicle in the public highway in the act of taking a
rope therefrom in full view of the defendant, Ruth Parton,
and while so standing, without changing his position, said
Ruth Parton negligently and carelessly drove the automo-
bile, or negligently and carelessly permitted it to run against
him, without exercising reasonable care to avoid him, and
thereby caused injuries from which he died, she would be
guilty of negligence, and the plaintiff would be entitled to
a verdict.  In this connection I also instruct you that even
though you may not be convinced from the evidence that the
deceased sustained the injuries from which he died in the
manner alleged and set forth in the complaint, but are con-
vinced that the deceased had turned from his vehicle and was
in the act of going away from it, and was run into by said
automobile without negligence on his part, as I will hereafter
refer to, and that his being run into by said automobile was
the result of carelessness and negligence upon the part of
the defendant, Ruth Parton, the plaintiff would nevertheless
be entitled to a verdict."

It is argued by the appellants that the first part of this
instruction was erroneous because it placed the entire bur-
den of avoiding the accident on Miss Parton, and exoner-
ated Stephenson from using any care to avoid the collision
with the automobile.  There is no merit in this contention,
because it is plain that, if Mr. Stephenson was standing in
the highway, it was the duty of Miss Parton, having abund-
ant room to do so, to avoid striking him.  It is plain that,
if these were the facts, Miss Parton was negligent.  The
rule is laid down in 2 R. C. L., p. 1184, as follows:

"If a person is standing in the highway, a driver must no-
tice him and take care not to injure him, and a failure to
see a pedestrian in the street may amount to negligence."

In *Lewis v. Seattle Taxicab Co.*, 72 Wash. 320, 130 Pac.
341, we said:

"The footman may rely on the presumption that, so long
as he occupies one place or pursues a given course, he need
not be run into, and to fail to keep a lookout for the ap-

proach of such vehicles is not necessarily want of care. The degree of care required of such a person of course varies with the circumstances. It depends largely upon place and upon the condition of the street; whether the street is crowded with traffic or comparatively free therefrom; whether he enters the street at a place usually used by travelers on foot, and perhaps on many other conditions; but the degree of care required is ordinary care under the circumstances; and this as we say may be vastly different from ordinary care with reference to crossing fixed tracks upon which railway or street cars are operated."

It follows that, if the deceased was standing in the road attending to his business, it was clearly the duty of Miss Parton to avoid him in passing with her automobile, especially where there was ample room for so doing.

It is next argued that the second part of the instruction is confusing because it in effect tells the jury that if the deceased met his death while walking away from his hack, and was run into by the automobile, still the jury must return a verdict for the plaintiff. The instruction, we think, does not go to that extent. It simply tells the jury that if they find that the deceased turned from his vehicle, was going away from it, and was run into without negligence on his part, and that his injury was the result of carelessness and negligence on the part of the defendant Ruth Parton, the plaintiff would nevertheless be entitled to recover. We think this instruction was correct, and not confusing.

The court also gave the following instruction:

"In connection with the alleged negligence upon the part of the deceased and upon the part of the defendant, Ruth Parton, there is another rule of law which has a two-fold application, commonly known as the doctrine of 'last clear chance.' In the application of this doctrine I instruct you that if you believe from the evidence that the deceased, Oliver P. Stephenson, was negligent in failing to see the approaching automobile and move out of the way so that it could pass in safety, or negligently attempted to cross the

road in front of the oncoming automobile, such negligence
on his part would not defeat the plaintiff's right to recover,
if the said Ruth Parton in driving said automobile actually
saw that he was in danger and should have appreciated the
fact that he was in danger, if you so find, in time to have
avoided running into him, by the exercise of reasonable care
and negligently failed to exercise such care. The other ap-
plication of the doctrine is that if you believe that the de-
ceased, Oliver P. Stephenson, was negligent in failing to see
the approaching automobile and move out of the way so
that it could pass in safety, or negligently attempted to
cross the road in front of the oncoming automobile, and if
you believe that his negligence had, prior to the instant of
injury, terminated or culminated by placing him in a situa-
tion of danger such that the exercise of ordinary care on his
part alone would not thereafter have avoided the injury
without the co-operation of ordinary care on the part of said
Ruth Parton, and that she, by keeping a reasonably vigilant
lookout, could have seen and appreciated the exposed condi-
tion of the deceased in time to have avoided the injury, by
the exercise of reasonable care, and negligently failed to keep
such lookout or to exercise such care, then the deceased's prior
negligence would not bar the plaintiff's right of recovery."

It is argued by the appellants that this instruction was
erroneous and not justified by the evidence in the case; and it
is contended that the doctrine does not apply where both
parties are equally guilty of concurring acts of negligence,
each of which, at the very time when the injury occurred,
contributed to it. This no doubt is the rule. Under the
facts as detailed by the witnesses on behalf of the plaintiff,
there would be no room for the doctrine of last clear chance.
But the evidence on the part of the defendants tended to
show that, while Miss Parton was approaching the deceased,
she did not see him from the time she blew her horn, a dis-
tance of two or three hundred yards, until she was upon him;
that when she came too near him to stop her machine, he
stepped in front of the machine, and was thereby injured.

While there may be some doubt as to the application of the
rule of last clear chance in this case, we think the instruction

complies with the rule as stated in *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941. It is apparent that the trial court attempted to comply with the rule stated in that case. In *Chase v. Seattle Taxicab & Transfer Co.*, 78 Wash. 537, 139 Pac. 499, we said:

"If the respondent was proceeding in a way that would have indicated to a reasonably prudent man that he was unconscious of the approach of the taxicab, and the driver saw him, or in the exercise of reasonable care ought to have seen him, and observed his state of mind and discovered his peril in time to avoid striking him, and failed in this duty, he was guilty of negligence and his negligence was the proximate cause of the injury; while the negligence of respondent, if any, was a remote cause."

In this case it was clearly the duty of Miss Parton to look where she was going, especially where she was about to pass some one who was in the highway, and to avoid him. We think the instruction was not misleading, nor sufficient to warrant a reversal of the case.

It is complained lastly that the court erred in permitting the jury to segregate the damages to the widow and the two minor daughters of the deceased. The jury returned a verdict in favor of the widow in the sum of $2,000, in favor of the minor daughters, one for $700, and the other $800. This court has held in *Koloff v. Chicago, Milwaukee & Puget Sound R. Co.*, 71 Wash. 543, 129 Pac. 398, that an action of this kind is not for the benefit of the estate, but is for the benefit of the widow and children, who would share jointly in any damages recovered. It is not claimed by the appellants that the total amount of the judgment, $3,500, is excessive. But they do claim that, in allowing the jury to segregate the damages, the effect was to enhance the damages, to their prejudice, by permitting the jury to bring in three verdicts instead of one. But where no claim is made that the total damages are excessive, we cannot understand how the appellants are injured thereby. While we do not desire to ap-

prove the practice, we think there is not sufficient in this to warrant a reversal.

The judgment is therefore affirmed.

MORRIS, C. J., CHADWICK, FULLERTON, and ELLIS, JJ., concur.