[No. 13823.   Department One.   May 18, 1917.]

ROY HARTLEY, *Respondent*, v. HARRY LASATER *et al.*,
*Appellants.*[1]

HIGHWAYS—AUTOMOBILE COLLISION—EXCESSIVE SPEED — LIABILITY. Where a motorcyclist was struck from behind when turning into an intersecting street in front of the defendants' automobile, aside from all other questions, the defendants would be liable if they were driving at an excessive rate of speed and such was the proximate cause of the accident.

NEGLIGENCE—LAST CLEAR CHANCE—QUESTION FOR COURT. Whether an instruction upon the last clear chance should be given is a matter of law for the court.

HIGHWAYS—OPERATION OF AUTOMOBILES—NEGLIGENCE—LAST CLEAR CHANCE. Although the doctrine of last clear chance is applicable to the negligent operation of automobiles, it has no application where a motorcyclist suddenly turned into an intersecting street in front of an automobile and his contributory negligence was concurrent and began and culminated without the lapse of appreciable time, so that the defendant had no time to appreciate the danger in time to avoid the accident.

SAME — LAW OF ROAD — NEGLIGENCE — PRESUMPTIONS.   It is not necessarily negligence *per se* to violate Rem. & Bal. Code, § 5569, requiring vehicles going in the same direction to pass to the right; but one doing so assumes the risk and the burden to rebut the presumption of negligence.

SAME—EXCEEDING SPEED LIMIT—PROXIMATE CAUSE.   Unless the excessive speed of an automobile exceeding the speed limit is the proximate cause of the accident the owner is not liable.

SAME—AUTOMOBILE COLLISION—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.   Whether a motorcyclist is guilty of contributory negligence in turning into an intersecting street in front of defendants' automobile, without looking or giving any warning signal, is a question for the jury.

[1]Reported in 165 Pac. 106.

SAME—NEGLIGENCE—ACTIONS—ISSUES — PROXIMATE CAUSE — LAST
CLEAR CHANCE. Where a motorcyclist was struck from behind when
turning into an intersecting street in front of defendants' automo-
bile, the only question is that of proximate cause, and the doctrine
'of last clear chance has no application, where it appears that the de-
fendants, acting in an emergency, applied the brakes, and swerved
to the left to avoid the collision, and the case was tried out on the
theory of excessive speed of defendants' automobile.

Appeal from a judgment of the superior court for Walla
Walla county, Mills, J., entered July 10, 1916, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained through collision with
an automobile. Reversed.

*Will H. Fouts, Gose & Crowe,* and *Reynolds & Bond,* for
appellants.

*Sharpstein, Pedigo, Smith & Sharpstein,* for respondent.

CHADWICK, J.—This action was brought to recover dam-
ages for injuries sustained in an accident upon a highway.
Respondent's case shows that he was riding south on a mo-
torcycle. Appellants were riding in an automobile in the
same direction, and a short distance behind. Respondent was
just to the right of the center of the road. Appellants were
to the left of the center. The presence of appellants was
unknown to respondent, who suddenly cut across the road in
front of their machine. Respondent alleges that he was
going at about twelve miles an hour. It is alleged, and
circumstances are relied on to prove, that appellants were
going at an excessive rate of speed. It was respondent's in-
tention to leave the main highway and go onto a road inter-
secting at an angle of about twenty-five degrees. The ma-
chines collided at the intersection of the roads. All parties
suffered some shock and injury.

Respondent brought this suit to recover damages. Each
party alleges the fault to be in the other. From a verdict and
judgment in favor of respondent, appellants have appealed.

Many errors are assigned. Most of them go directly to, or are predicated upon, the contention that the facts proven are insufficient to sustain a verdict and judgment, or that they conclusively show negligence on the part of respondent, and that such negligence was the proximate cause of the injury.

Inasmuch as we have concluded to send the case back for a new trial, we feel that discussion, further than to say that we think the case was for the jury, is unnecessary. Aside from all other questions, if appellants were driving their automobile at an excessive rate of speed, and such was the proximate cause of the accident, respondent would have a right to recover.

The court instructed the jury upon the doctrine of the last clear chance, as follows:

"If you find that the plaintiff had negligently placed himself in a perilous situation, and that the driver of the defendants' automobile, by the exercise of reasonable care, could have seen and should have seen the perilous situation of the plaintiff in time to have avoided injuring him, by the exercise of reasonable care on the part of the driver of the automobile, then such negligence on the part of the plaintiff will not defeat his right to recover, if the negligence of the plaintiff had terminated or culminated in a situation of peril from which the exercise of ordinary care on his part would not thereafter extricate him.

"But if you find that the plaintiff negligently placed himself in a dangerous situation, and that the driver of the automobile could not, and should not, in the exercise of reasonable care have seen his perilous situation in time to have avoided injuring him, or if you find that the plaintiff's negligence, if any, had not terminated or culminated in a situation of peril from which the exercise of reasonable care on his part would not thereafter extricate him, but that he could have, by the exercise of ordinary care, extricated himself from the perilous situation, but failed to exercise such care, then the plaintiff cannot recover."

In the abstract, no objection could be urged to these instructions, but we think there is no testimony to sustain

them.   It is true that appellants knew of respondent's presence and position, but it does not follow that they are to be charged with a knowledge of his intent, suddenly and without warning, to turn across the path of their automobile.   We have given attention to the whole evidence and are convinced that the accident happened so quickly that there was neither time nor opportunity for appellants to act upon the last clear chance.   Last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury, or the proof of circumstances which will put the one charged to implied notice of the situation.

There was no duty upon appellants to slow down or to take such care as the doctrine of the last clear chance demands, until they were put to the hazard of choice by some act of respondent.   When respondent changed his position, he relieved appellants, unless the facts would warrant the court and jury in saying that there was sufficient time between his act and the impact for appellants to realize his peril and to avoid it.   To invoke the doctrine of the last clear chance, we must grant the negligence of respondent and find that his negligence "had terminated or culminated in a situation of peril from which the exercise of ordinary care on his part would not thereafter extricate him;" that appellants knew and appreciated his danger and could, in the exercise of reasonable care, have avoided injuring him. A mere statement of the rule reveals its inapplicability to a case where the contributory negligence began and culminated without the lapse of appreciable time.   The doctrine is not applied where the negligence is concurrent.   *Scharf v. Spokane & Inland Empire R. Co.*, 92 Wash. 561, 159 Pac. 797.

"The doctrine [last clear chance] is recognized in this state.   But this case does not fall within its limits.   That doctrine, speaking in a broad way, applies when one negligently gets himself into a dangerous situation, or a trap, as

it were, from which he cannot extricate himself, and being there another negligently runs upon, collides with, or in some other manner injures him. It does not apply when, as in this case, the injured party's negligence is progressive and actively continues up to the point of collision. In such case the negligence of the other party is not subsequent to and independent of the injured party's contributory negligence. It is contemporaneous with it to the last instant. It operates to produce the result in connection with the other negligence, and not independently of it." *Moran v. Smith*, 114 Me. 55, 95 Atl. 272, 273.

Whether an instruction upon the last clear chance is proper to be given is a matter of law for the court. *Dotta v. Northern Pac. R. Co.*, 36 Wash. 506, 79 Pac. 32. Although a new branch of the law, it is held, as frequently as the cases arise, that the doctrine of the last clear chance is applicable in actions brought to recover for injuries caused by the negligent operation of automobiles. Berry, Automobiles (2d ed.), § 146; *Chase v. Seattle Taxicab & Transfer Co.*, 78 Wash. 537, 139 Pac. 499; *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943; *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892; *Stephenson v. Parton*, 89 Wash. 653, 155 Pac. 147.

But it is as universally held that persons driving and riding upon the highways are in the exercise of lawful and equal rights, and the law puts no greater burden upon them than that of taking ordinary care not to injure one another, having regard for the dangerous character of the machine and the locality. Therefore, unless it be shown that the one charged knew, or having consideration of all the circumstances, ought to have known of the peril of another in time to avoid the injury, he is not to be held under the doctrine of the last clear chance. To say that one ought to have known of the peril of another is but a restatement of the rule of implied notice. The doctrine is sufficiently elaborated in the cases referred to. We know of none charging a defendant where he did not, and could not from the nature of

things, appreciate the danger in time to avoid the accident, or where the circumstances were insufficient to charge him with notice.

While it is not intended that one person may kill another simply because he is negligent, it is likewise not intended to hold one for an injury unless he can be charged with knowledge, in fact or in law, sufficiently prior in time to have given him, in the exercise of ordinary care, time to avoid the accident. In a case where a warning was given by the waving of a handkerchief, the court, having in mind the facts of the case, said:

"After that he had to take in the situation, coordinate his muscles and stop the car, going at ten miles an hour, in the time it took the automobile to go half its own length. This is too short a time. Human beings cannot be expected to act with the speed of electricity. Nor will it avail anything to attempt to lengthen the time in which the motorman had to act by claiming the automobile was or may have been going very slow. The slower it went the greater reason the motorman would have for thinking it was going to stop before it entered upon the track." *Lewis v. Metropolitan St. R. Co.*, 181 Mo. App. 421, 168 S. W. 833.

Appellants contend that they intended to pass respondent at about the point where the roads intersected. Since the case is to be remanded, we feel warranted in saying that although the law, as it was when the accident occurred, provided that a vehicle passing another vehicle going in the same direction should pass to the right (Rem. & Bal. Code, § 5569), we have held that it is not necessarily negligence *per se* to drive on the wrong side of the road. For, aside from the universal custom of passing a vehicle going in the same direction on the left-hand side of the road, it is now provided by statute that it shall be done. (Rem. Code, § 5562-26). Whether an automobile is rightfully or wrongfully on either side of the road is a relative question to be decided with reference to the facts of the particular case.

Granting that appellants were not in the act of passing respondent, the rule is:

"One who violates the law of the road by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on the right side of the road. If a collision takes place under such circumstances, the presumption is against the party who was on the wrong side. But the presumption is *prima facie*, and has the effect only of casting the burden of justifying his position upon the man who was on the wrong side." Berry, Automobiles (2d ed.), § 171.

Citing *Segerstrom v. Lawrence*, 64 Wash. 245, 116 Pac. 876.

It is also held that, although an automobile may be traveling at a rate of speed prohibited by law, unless the excessive speed of the car was the proximate cause of an injury, the driver is not liable for such negligence. Berry, Automobiles (2d ed.), § 145. Whether the respondent exercised due care for his own safety when he turned across the path of the automobile, without looking or without giving any warning sign, is a question for the jury. *Hillebrant v. Manz, supra; Ludwigs v. Dumas*, 72 Wash. 68, 129 Pac. 903; *Lewis v. Seattle Taxicab Co.*, 72 Wash. 320, 130 Pac. 341.

We have said that respondent tried his case upon the theory of excessive speed. To sustain the instructions upon the last clear chance, resort is made to the testimony of the appellant wife, who says that she was driving not to exceed twenty-two miles an hour. It is then argued that, being behind respondent, as he says, and not abreast of him, as she and the three other occupants of the automobile say they were, she had ample time to stop her car, slacken the speed, or sound the horn; that if any one of these things had been done the accident would not have occurred; and that in the doing of one of these things lay her last clear chance. Resort to the same source reveals testimony that the driver did take her chance. If the testimony of the ap-

pellants and their witnesses be true, the brakes were put on and the car was suddenly swerved to the left when the danger became apparent.

Men who act in emergencies are not to be held to that strict accountability that the law demands of those who act deliberately. Nor are they to be penalized because they did not do what, in the light of subsequent events, or in theory, would have avoided the accident. The instinct of self-preservation and the instinct to refrain from harming others are always present in emergent situations affecting personal security. These impulses prompt that which is done, and what is done is usually that which should have been done, or all that could have been done. Hence the law will excuse an act which if done deliberately or after a lapse of time sufficient for reflection would make the actor answerable as for a willful tort.

As we view this case, the only question is that of proximate cause. Respondent's case was tried out on the theory that appellants were driving their car at an excessive rate of speed and that such was the proximate cause of the injury. Appellants contend that they were driving at about twenty miles an hour, and that respondent turned with no care for his own safety and is himself to blame. The issue is proximate cause.

Reversed, and remanded for a new trial.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.