[No. 14164.  Department Two.  January 16, 1918.]

WILLIAM DEITCHLER, *Respondent*, v. J. O. BALL,
*Appellant.*[1]

EVIDENCE—DOCUMENTARY EVIDENCE—DIAGRAM.  It is admissible
to introduce in evidence a diagram to illustrate the evidence, al-
though it was not accurate.

TRIAL—ORDER OF EVIDENCE—RECALLING WITNESSES.  The order of
the evidence is within the discretion of the court, so that witnesses
who testified and were excused may be recalled.

HIGHWAYS—USE—CONTRIBUTORY NEGLIGENCE.  It is not contribu-
tory negligence for a person who was standing close to his car,
stopped upon a portion of the paved way where he had a right to
be, to fail to take notice of passing cars while occupied in putting
up the top of his car.

SAME—USE—AUTOMOBILES—NEGLIGENCE.  The driver of an auto-
mobile is guilty of negligence where it appears that, at night, he ap-
proached cars standing at the side of the road, at a speed of twelve
or fourteen miles per hour after seeing them seventy feet away,
knowing that the roadway was partially blocked, and applied his
brakes too quickly, causing his car to skid on the slippery pave-
ment, colliding with a man standing close to one of the cars.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.
Where the principal issue was whether defendant's car had collided
with and injured the plaintiff, newly discovered evidence of two
witnesses that another car had done the injury is merely cumulative,
and not ground for a new trial.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.  A verdict for
$1,000 for injury to the legs which was not permanent, confining
plaintiff to his bed for two weeks and requiring crutches for a time,
is excessive and should be reduced to $500, where plaintiff was not
engaged in remunerative employment.

Appeal from a judgment of the superior court for King
county, Jurey, J., entered December 9, 1916, upon findings
in favor of the plaintiff, in an action for personal injuries
sustained through being struck by an automobile, tried to
the court.  Modified.

[1]Reported in 170 Pac. 123.

*George L. Palmer* and *Beechler & Batchelor*, for appellant.

*O. L. Willett* and *Frank Oleson* (*John A. Soule*, of counsel), for respondent.

MOUNT, J.—Plaintiff brought this action to recover damages for personal injuries. He alleged, in substance, that the defendant negligently ran him down with an automobile on the public highway and injured him. Defendant, for answer, denied any negligence, and alleged contributory negligence of the plaintiff. The cause was tried to the court without a jury. At the conclusion of the evidence, the court made findings in favor of the plaintiff, and awarded him damages in the sum of one thousand dollars and costs. The defendant has appealed.

It appears that, on the night of July 4, 1916, at about nine o'clock, the respondent was returning to the city of Seattle from the north in an automobile upon a public paved highway. The pavement was about sixteen feet in width. When respondent came to within three or four miles of Seattle, the rain began to fall, and he turned out to the side of the road preparatory to putting up the top to his car. He drew up behind another automobile which was already stopped for the same purpose. Another automobile following drew up behind the respondent. These three cars were headed in the same direction—toward Seattle. They were on the right-hand side of the road, with two wheels on the pavement and two off. About this time, another car, coming from toward Seattle, drew up on the opposite side of the road, also for the purpose of putting up the top to the car. As soon as the respondent stopped, he proceeded to put up the top to his car, standing at the front of his car, on the right-hand side of the paved road and next to his car, arranging the front part of the top. While he was doing this, the appellant's car struck him on the legs, knocked him against the front fender of his car and injured him.

At the trial of the case, the appellant contended that he stopped his car upon approaching, just before he came to the respondent's car, and while in that position, another car came up from behind, struck his car and shunted it against the respondent.

Appellant makes several assignments of error.

First, it is claimed that the trial court erred in receiving in evidence a diagram made by one of the witnesses for the respondent. It is claimed that this was error because the diagram is not accurate. No witness testified that the diagram was accurate, and it is apparent upon its face that it was drawn for the purpose of illustration and was used in the trial of the case only for this purpose. It served merely to illustrate the evidence of the witnesses to show the position of the different cars at that time and place. We are satisfied there was no error in the admission of the plat in evidence as a part of the testimony of the witnesses who testified concerning the location of the cars at the time of the accident. In the case of *Spokane v. Patterson,* 46 Wash. 93, 89 Pac. 402, 123 Am. St. 921, 8 L. R. A. (N. S.) 1104, quoting from 17 Cyc. 412, we said:

"It is the common practice in the courts to receive private or unofficial maps, diagrams, models, or sketches for the purpose of giving a representation of objects and places which generally cannot otherwise be as conveniently shown or described by witnesses, and when proved to be correct or offered in connection with the testimony of a witness they are admissible as legitimate aids to the court or jury."

This sketch was offered in connection with the testimony of witnesses who testified concerning the location of the cars at the time, and was admissible as a legitimate aid to the court, because it gave the court a better understanding of the location than a mere description by word of mouth could do.

It is next urged as error that the trial court permitted witnesses to testify to the cause of the accident, then to be ex-

cused, and later to be recalled to testify to the extent of the injuries suffered by the respondent. Clearly there was no error in this, because the order in which the evidence should be adduced was within the discretion of the trial court. It was clearly not an abuse of discretion to control the order of evidence this way.

Appellant next argues that the respondent was guilty of contributory negligence. Respondent testified in substance that, while he was putting up the top to his car and fastening the straps over the front to hold the top down, and while he was right up to the car as near as he could stand, he paid no attention to what was going on about him. Naturally this would be true, because, when he was engaged in fastening the top as it should be fastened, in standing close to his car, as he says he was, he had a right to assume that no person would run into him. It was not necessary for him to pay particular attention to passersby who had plenty of room to avoid him. The respondent, no doubt, as contended by the appellant, was required to use ordinary reasonable care for his safety, and if his testimony is to be believed at all, he did so when he was standing close to his car attending to his business, and was not putting himself in the way of danger. The respondent clearly had the right to stop his car at the place he did, and he clearly had a right to occupy a portion of the paved way in attending to whatever was necessary to be done about his car; and it was the duty of persons coming up to him to so control their cars as not to injure him, especially where there was room to avoid injury, as there evidently was in this case. In the case of *Stephenson v. Parton*, 89 Wash. 653, 155 Pac. 147, quoting from 2 R. C. L. p. 1184, we said:

" 'If a person is standing in the highway, a driver must notice him and take care not to injure him, and a failure to see a pedestrian in the street may amount to negligence.' "

It is next argued by the appellant that he was free from negligence, and therefore no recovery can be had against him; but, if the testimony of the respondent and his witnesses

is to be believed, it appears that these cars were standing on the right-hand side of the road, with two wheels on the pavement and two off, and that there was about ten feet of open roadway between the cars standing on one side of the road and the car standing on the other side. It was about nine o'clock in the evening. It was dark and raining. The pavement was wet and, no doubt, slippery, as some of the witnesses testified. The front and rear lights on all these cars were burning brightly. When the appellant approached these cars, he had at least sixty or seventy feet, or more, in which to see them. In the exercise of reasonable care he was bound to know that the roadway at this point was partially, if not wholly, blocked. The lights of these cars would so indicate. It was his duty, therefore, to approach them in a careful manner, and to be prepared to stop his machine if it was necessary to do so. The evidence of the respondent tends to show that he did not stop, but approached them at a speed of between twelve and fourteen miles per hour, and, in attempting to go in the space between the cars standing on each side of the road, he applied his brakes too quickly and his car skidded and ran into the respondent and injured him. If these are the facts, and we think the great burden of the evidence proves them to be the facts, clearly the appellant was guilty of negligence. *Stephenson v. Parton, supra; Kathmeyer v. Mehl* (N. J.), 60 Atl. 40; *Schock v. Cooling*, 175 Mich. 313, 141 N. W. 675; *Lauson v. Fond Du Lac*, 141 Wis. 57, 123 N. W. 629, 135 Am. St. 30, 25 L. R. A. (N. S.) 40, and note. We are satisfied that the appellant was guilty of negligence under the facts stated.

Appellant next contends that the court erred in denying the motion for a new trial. This motion was based upon newly discovered evidence after the trial. Affidavits of two persons, who were there at the time of the accident, are to the effect that the appellant's car did not injure the respondent, but that the injury was caused by another car. It is clear from the whole record that this was the principal issue upon

the trial, and that the newly discovered evidence is merely cumulative of evidence which the court heard at the trial. We are not convinced that the court erred in denying the motion for a new trial.

Appellant next contends that the verdict is excessive. We think there is merit in this contention. The respondent was injured in his legs at the knee and on the shin bone. It was not claimed at the trial that the injury was permanent. The respondent was in bed for a couple of weeks, on crutches for a time, and afterwards used a cane. At the time of the trial, the objective symptoms had disappeared and he did not use a cane. His doctor's bill and medicine cost him twenty-five dollars. The record does not show that he was engaged in remunerative employment, either at that time or subsequently. He no doubt suffered some pain, but we are satisfied that one-half of the amount found by the trial court is a liberal compensation for his pain and suffering and for his doctor bill.

The cause will, for that reason alone, be remanded to the lower court with directions to enter a judgment in favor of the respondent for five hundred dollars and his costs in the lower court; the appellant to recover his costs in this court.

ELLIS, C. J., CHADWICK, MORRIS, and HOLCOMB, JJ., concur.