[Civ. No. 808. Fourth Appellate District.—May 12, 1933.]

W. C. NELSON, Respondent, v. CALIFORNIA CONSTRUCTION COMPANY (a Corporation), Appellant.

Ray W. Hays for Appellant.

Farnsworth, Burke & Maddox for Respondent.

CAMPBELL, J., *pro tem.*—In this action respondent sought judgment for personal injuries and property damages alleged to have resulted from the negligence of defendant. The case was tried before the court without a jury. Judgment was rendered for respondent. The facts are briefly summarized as follows: Respondent and his family were proceeding southerly on the Golden State highway between the towns of Tipton and Pixley, in Tulare County, California. He reached a place on the highway where it was in process of being widened and resurfaced. There was a header-board on the east side of the pavement, flush with the old paved part of the highway. On the west side of the highway there was a trench about four to six inches deep and four feet wide, and a header-board placed on the west-

erly edge of this trench. On this particular morning the surface of the highway was damp. A white line marked the center of the highway. 'Appellant's driver, at the time of the collision, was driving an empty water tank-truck northerly on the highway. He was being followed by a Studebaker automobile. At the point where the collision occurred the right rear wheel of respondent's car slipped into the trench and caused it to veer sharply to the left, striking the Studebaker automobile and causing the damage. Appellant contends that there are certain disputed questions of fact, to wit: (1) the width of the paved portion of the highway, (2) the speed of Nelson's car, and (3) the position of appellant's car on the highway with relation to the center line thereof.

The evidence shows that the highway was approximately sixteen feet six inches wide at the place of the accident, and various witnesses fixed the speed of respondent's car from twenty-five to forty miles an hour. All the witnesses, save appellant's driver, are agreed that appellant's truck was being driven about a foot or a foot and a half to the left-hand side of the center of the highway. By the findings, all of the so-called disputed facts were resolved against appellant by the trial court, either directly or impliedly.

Appellant contends that the trial court erred in finding negligence on the part of appellant's driver. Various witnesses testified as to the width of the truck, and estimates were placed from five and a half to eight feet in width. The evidence shows that appellant's truck held steadily to its course with the left wheels from a foot to a foot and a half to the left of the center line of the pavement. In attempting to pass the truck, the right rear wheel of respondent's automobile dropped over the west edge of the pavement. The car went out of control and ran diagonally across the pavement and collided with the automobile which was following the truck, with disastrous results to respondent and his family. The evidence shows that there was no reason why appellant's truck should have been on the wrong side of the highway.

As the two vehicles were approaching each other respondent had a right to assume that appellant's truck would abide by the law and move over to the right so that he could pass without interference. In the case of *Hagenah*

v. *Bidwell*, 46 Cal. App. 556, 560 [189 Pac. 799, 801], the court says:

"It is the duty of the driver of a vehicle who is suddenly confronted with danger, though arising from the fault of another, to seek to avoid a collision. (*Skene* v. *Graham*, 114 Me. 229 [95 Atl. 950]; *Hartley* v. *Lasater*, 96 Wash. 407 [165 Pac. 106].) Whether he has taken a proper course depends on all the circumstances of the case. (*Hartley* v. *Lasater, supra; Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, 521 [74 Pac. 15, 98 Am. St. Rep. 85, 63 L. R. A. 238]; *County of Alameda* v. *Tieslau*, 44 Cal. App. 332 [186 Pac. 398].)"

Respondent had three possible choices as the appellant's truck steadily approached on the left of the center of the pavement: (1) To go out in the ditch on the west side of the pavement and on his right-hand side. This might be an exceedingly dangerous thing to do. (2) He could have stopped. A question remains, however, as to whether he could stop in time after realizing that the truck was not going to swerve to its right. (3) He could do as he did, that is, attempt to pass the truck in the space that was open. While it was possible, mathematically, for respondent's automobile to pass, that course involved practical difficulties. By its findings, the trial court determined that the last course, and the one chosen by respondent, offered most hope for safety. The evidence shows that the lack of space for respondent's automobile to pass was caused entirely by reason of appellant's truck being driven to the left of the center of the pavement. Appellant cannot, therefore, successfully assert that it was error on the part of respondent to attempt to pass appellant's truck. To permit appellant to avail itself here of such defense, in a situation which it had thus created, would be to permit it to take advantage of its own wrong. Section 2927 of Thompson on Negligence states: "It is a principle of obvious justice that one person cannot impute negligence to the act of another, which act has been induced by the negligence or wrongful act or omission of the former."

Appellant contends that the respondent was guilty of contributory negligence on the ground that he was driving at a highly dangerous and reckless speed. The evidence pointed out by appellant merely shows a conflict, and the

trial court resolved that conflict in favor of respondent. The appellate court cannot set aside the trial court's determination of such conflict. The case at bar resolves itself into a question of fact and not a question of law, and the trial court having found against the appellant on the disputed facts, its decision will not be disturbed on appeal.

Appellant complains of certain rulings of the trial court on the admission of evidence, and assigns them as error. The errors, if any, were harmless and were in no way prejudicial to the appellant.

Judgment appealed from is affirmed.

Barnard, P. J., and Jennings, J., concurred.