HILL, Appellant, v. DAKOTA WAREHOUSE CO., a Corporation, Respondent

(289 N. W. 73)

(File No. 8276.　Opinion filed December 12, 1939.)

W. F. Bruell, of Redfield, for Appellant.

Perry F. Loucks and Alan L. Austin, both of Watertown, for Respondent.

POLLEY, J. This action was brought to recover for damage to plaintiff's truck caused by a collision with defendant's truck on highway No. 212, about six miles west of Watertown on the morning of October 21, 1936. The case was tried by the court without a jury. Findings of fact, conclusions of law and judgment were for defendant and plaintiff appeals.

The facts and circumstances surrounding the collision are stated by the trial judge in his findings of fact as follows:

"* * * at a point approximately six miles west of Watertown, South Dakota, on U. S. Highway No. 212 where said highway was thirty-two feet wide from shoulder to shoulder, with a tarvia or blacktop pavement twenty-four feet wide, and with dirt or gravel shoulders four feet wide on each side of the blacktop, with a slope from the center of the blacktop to the outside edge of each shoulder of one inch to four feet, which blacktop surfaced highway on the night of October 20th and the morning of October 21st, 1936, and at all times material herein, was covered with a sheet of ice and was very slippery at all points between the point above referred to and the pavement approximately two miles west of Watertown, South Dakota, and that for a distance of more than five hundred feet to the east of a point on said highway, where the collision hereinafter referred to took place, said highway slopes at a rather steep pitch for all of such distance; that on the night of October 20th, 1936, a cattle truck belonging to one, P. M. Forsman, was stalled on this highway on such steep incline, and Ed. T. Elkins, as Sheriff of Codington county, South Dakota, had assisted in moving said truck so that it was on the north side of said highway facing west, with its right or north wheels on the north shoulder of the road and over to the slope thereof, and the left wheels of said truck just on the blacktop; that during all of the period of darkness that night after the said Forsman truck had been stalled on said highway, three

lighted flares had been placed and were kept on the highway at proper places each way from said truck, and that after dawn on the morning of October 21st, 1936, the said Ed. T. Elkins, as Sheriff aforesaid, came to Watertown, South Dakota, and arranged with the defendant to send a truck out to move the Forsman truck; that the defendant's truck, with tire chains, on the rear wheels, had proceeded from Watertown, South Dakota, after daylight, had gone ahead of the Forsman truck and west of it, with the right wheels of the defendant's truck off of the blacktop on the north side of the highway, and the left wheels of the defendant's truck on the blacktop, and that the tread or width of the defendant's truck's wheels was four feet and six inches; that the driver of the defendant's truck had placed the same about eight feet ahead of the Forsman truck, had set his brakes, left his truck in reverse gear, and had attached a heavy chain between his truck and the Forsman truck; that while the Defendant's driver was so attaching such chain the said Forman had picked up his flares from the highway and placed the same in his truck; that the position of the defendant's truck on said highway was in all respects a proper position, and that the defendant was at all times free from any negligence in proceeding to said point, placing its truck where it was placed, and attaching the tow chain to the Forsman truck, and placing its truck where it was upon said highway.

"That a 1936 Dodge truck, owned and licensed as set out in Paragraph 1 hereof, had made a trip with automobile accessories, and with one, Larson, driving the same, from Council Bluffs, Iowa, toward Redfield, South Dakota, and had arrived at Watertown, South Dakota, about daylight on the morning of October 21st, 1936; that the said truck proceeded on U. S. Highway Number 212 west out of Watertown, South Dakota, and as the driver left the pavement approximately two miles west of Watertown and went upon the blacktop of said highway he noticed that the blacktop was more slippery than the pavement; that the said plaintiff's truck did not have any tire chains on any wheels, and that it proceeded in a westerly direction on said highway at

a rate of speed of at least twenty-five miles an hour, and that said truck and driver proceeded at such speed and was driving at such speed when he came to the steep incline five to six hundred feet west of the point of the collision hereinafter referred to; that he saw the Forsman cattle truck when he was about four hundred and fifty feet east of it, and that the highway was not entirely obstructed by either of the trucks and that there was room to pass on the south side of the two trucks; that the said Larson then turned the truck he was driving to the left to pass and was quite sure that he put on his brakes; that immediately upon the brakes being applied the truck he was driving started to skid and turned completely around at least once and collided with the rear left end of the defendant's truck with such force that the tow chain between it and the Forsman truck was broken and the defendant's truck shot down the hill about two hundred feet and turned around facing east, and that the truck driven by said Larson shot off to the south and west and overturned in the ditch on the south side of the highway; that the proximate cause of the collision of said trucks was that the said Larson completely lost control of his said truck either due to the icy condition of the highway in and of itself, or by reason of having placed the brakes on said truck in action, causing said truck to skid and with no chains on the rear wheels to stop such skidding, and that the proximate and sole cause of said collision and of the damages which occurred to the said plaintiff's truck were the speed at which the plaintiff's truck was being driven upon said icy highway, the lack of chains upon the rear wheels, the placing of the brakes thereon, and the loss of control of said truck by its driver, and that if it had not been for these matters the said plaintiff's truck had ample room to have passed the defendant's truck on said highway."

 The only acts of negligence charged against the defendant. are stated by the plaintiff in the following language: "The defendant's truck was at the time of the collision and had been for some time prior thereto in the middle of the highway, partly on one side and partly on the other, and in a position to invite and cause collisions and that in spite

of the skillful driving of plaintiff's car, the collision could not be avoided." This allegation of the plaintiff is completely negatived by the findings made by the court and after a careful examination of the evidence, we are satisfied that the court's findings on the question of negligence are fully sustained by the evidence. This disposes of the question of negligence on the part of the defendant in the case, and the many other questions discussed by counsel in the briefs are wholly immaterial to a decision of the case.

The Forsman truck was not parked on the side of the road as a matter of choice or convenience, but as a matter of necessity. It did not appear that it could be moved from where it was on its own power. It was necessary to send for help and defendant's truck was brought there for that purpose. The man in charge of it appears to have acted as expeditiously as possible, and did not block the road so other cars could not pass freely at any time.

In the case of Bruening v. Miller, 57 S. D. 58, 230 N. W. 754, 758, this court, quoting from Blashfield's Cyc. of Aut. Law, Vol 1, p. 656, § 4, said: " 'The exigencies of automobile traffic make constant demands upon operators of motor vehicles to stop their cars either on the highway or at the side of the road to make repairs, and a driver or owner of such vehicle has a right to stop his machine in the highway for the purpose of making repairs, adjusting the machinery of his car, or to do whatever is necessary to be done about the car to increase its service for the purpose of travel.' " Citing Graybiel v. Auger, 64 Cal. App. 679, 222 P. 635; Reynolds v. Murphy, 241 Mass. 225, 135 N. E. 116; Deitchler v. Ball, 99 Wash. 483, 170 P. 123; Berry on Automobiles, Sixth Ed. vol. 1, p. 226.

No negligence having been shown on the part of defendant in this case, the trial court was warranted in dismissing the complaint.

The judgment and order appealed from are affirmed.

All the Judges concur.