[No. 17247.  Department One.  October 4, 1922.]

HAROLD EDWARDS, *by his Guardian ad Litem* CHARLES
EDWARDS, *Respondent,* v. W. B. LAMBERT *et al.,
Appellants.*[1]

HIGHWAYS (52, 57)—AUTOMOBILES—NEGLIGENT USE—CONTRIBU-
TORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.  The negligence of the
driver of an automobile, who in the daytime on a straight road, in
the absence of other traffic, struck a youth standing still at the
edge of the pavement who was looking away and unaware of the
approach, is a question for the jury, where he was seen by the
driver who gave no warning and was driving at considerable speed
and there was ample room to go around him.

SAME (59)—NEGLIGENT USE—DRIVER OF AUTOMOBILE—INSTRUC-
TIONS.  In such a case, it is not error to give an instruction as to
the duty to sound a warning in case of imminent danger, although
there was no crossing near; and also as to the speed limit, where
the rate of speed was a question for the jury.

SAME (59).  In such a case, it is not error to give an instruction
as to the duty to drive and operate a motor vehicle in no other
than a careful and prudent manner.

TRIAL (43)—PRESENTATION OF EVIDENCE—SHOWING INDEMNITY IN-
SURANCE.  In an action for personal injuries from an automobile
collision, a volunteer statement from a witness that she had spoken
of a matter since the boy was in the hospital, "when the insurance
agent called me up and tried to get me to come down  .  .  .  .
and talk to him," is not so prejudicial as to require a new trial,
where on motion the jury were told not to consider it.

Appeal from a judgment of the superior court for
King county, Frater, J., entered October 31, 1921, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for personal injuries sustained by a minor
struck by an automobile.  Affirmed.

*Roberts & Skeel* and *Frank A. Steele,* for appellants.

*V. A. Montgomery,* for respondent.

PARKER, C. J.,—The plaintiff, Edwards, seeks recov-
ery of damages from the defendants, Lambert and

[1]Reported in 209 Pac. 694.

wife, for personal injuries claimed to have been suffered by him as the result of the negligent operation of their automobile upon the Pacific highway a short distance south of the Duwamish river bridge, in King county. A trial upon the merits before the superior court for that county, sitting with a jury, resulted in a verdict and judgment awarding the plaintiff recovery, from which the defendants have appealed to this court.

The first, and apparently the principal contention here made in behalf of appellants, the Lamberts, is that the trial court erred in its refusal to take the case from the jury and decide, as a matter of law, that the evidence was insufficient to support any recovery by respondent Edwards; this question having been presented to the trial court by appropriate and timely motions.

At about three o'clock during the afternoon of the day in question, Edwards, then about sixteen years of age, with two other boys, alighted from an automobile which was proceeding north on the paved Pacific highway at about a quarter of a mile south of the Duwamish river bridge, in King county. Their purpose seems to have been to go to the home of an uncle of one of them, situated a short distance north and east of the place where they alighted. However that may be, while they all were standing still together very near, and Edwards possibly on, the easterly edge of the pavement, and while one of the boys was pointing out to the others the home of his uncle to the north and east, all seemingly facing more north than east, and unconscious of the approach of any automobile or other vehicle from the south, Edwards was struck and severely injured by the fast-moving automobile of the Lamberts, driven by Mr. Lambert, from the south. Edwards was seemingly

first struck on his left leg by the right-hand end of the bumper on the front end of the automobile, and then fell against the side of the automobile, striking the handles of one of the doors and also the front of the rear fender, falling therefrom so that, immediately after the accident, the main portion of his body lay off the pavement with his feet on the pavement. The automobile was at the time being driven by Mr. Lambert at a speed of twenty-five miles or more per hour. One witness estimated the speed at over thirty miles per hour. Mr. Lambert plainly saw the boys when on the edge of the pavement at a considerable distance from the place of the accident in ample time to have turned to the western edge of the pavement and passed the boys at a considerable distance to his right. He failed to sound his horn or give any signal of his approach. The highway is straight for a quarter of a mile or more at this point in either direction, and was there at the time clear of other interfering traffic. Aside from the fact that Edwards was actually struck by the automobile, the evidence is not very satisfactory as to whether or not he stood actually on or near the east edge of the pavement, nor as to just how near the east edge of the pavement the automobile passed when opposite the boys; but that Edwards and the other boys were standing still, looking practically away from the direction of the approach of the automobile; that they were all unconscious of its approach until Edwards was actually struck; that no signal of the approach of the automobile was sounded; that the roadway was free from use by other automobiles for a considerable distance in either direction; and that the automobile was being driven at a considerable speed—the evidence, it seems to us, was ample to warrant the jury in believing. This, we think, is a fair summary of the controlling

facts as the jury were justified in believing them to
exist. In our opinion, these facts did not warrant the
trial court in taking the case from the jury and decid-
ing it as a matter of law in favor of the Lamberts,
either upon the question of Lambert's alleged negli-
gence or of Edwards' alleged contributory negligence.

One of the instructions given by the trial court to
the jury reads as follows:

"Under the laws of the state of Washington the
drivers of automobiles are required to drive them in a
safe and prudent manner, and to sound a gong, bell or
alarm in approaching crossings and at a sign of immi-
nent danger, and a maximum speed at which they are
permitted to run is 30 miles per hour, and while the
violation of a law is negligence *per se,* yet, before the
owner or driver of a vehicle becomes liable on account
of negligence it would have to be shown that the negli-
gence of the driver was the proximate cause of any in-
juries that might occur."

It is not contended that this is an incorrect statement
of the law of this state; but it is argued that it was
prejudicial to the rights of appellants to call the atten-
tion of the jury to the requirements of the law as to
sounding an alarm on approaching crossings or at a
sign of imminent danger, or to the legal speed limit;
in that there was no evidence that the accident occurred
near a crossing—but evidence showing to the con-
trary—and no credible evidence that there was any
sign of imminent danger, nor any credible evidence of
excessive speed. We think it plain that the instruction
was in no event erroneous in calling the attention of
the jury to the law requiring the sounding of a signal
at a sign of imminent danger, since the jury might well
believe from the evidence that, under all the circum-
stances shown, Edwards was in imminent danger of
being struck by the oncoming automobile. It seems

quite plain to us that to this extent, in any event, the instruction was pertinent to the issues of the case. We think the same may be said as to the reference in the instruction to the speed limit, though we confess to entertain considerable doubt as to the speed limit being shown to exceed thirty miles per hour. This, however, was a question for the jury to decide under the evidence.

As to the instruction calling the attention of the jury to the law relative to the sounding of a signal of approach to crossings, we are inclined to think that it was technically erroneous, in view of the fact that the evidence does conclusively show that there was no crossing within a quarter of a mile or more in either direction calling for the sounding of a signal on that account alone. However, we fail to see how such error could have been prejudicial, in view of the fact that the jurors as sensible persons must have known that there was no question of sounding a horn in connection with any approach to a crossing. That, it seems to us, was a mere abstract statement of the law touching a matter which the jurors could and did plainly see had nothing to do with any question they were called upon to decide.

The court further instructed the jury that

"  .   .   . any person driving or operating any motor vehicle shall drive or operate the same in no other than a careful and prudent manner nor at any greater speed than is reasonable and proper, having due regard to the traffic and use of the way by others, or so as to endanger the life and limb of any person; . . ."

This it is insisted was prejudicial to the rights of appellants because, as it is argued, there was no evidence tending to show that Mr. Lambert was driving his automobile other than in a careful and prudent manner. We cannot agree that this instruction was

improper to be given, in view of the evidence which we think was sufficient to warrant the jury in believing that the automobile was not being driven in a careful and prudent manner, in view of the situation of Edwards standing still upon or near the eastern edge of the pavement and the failure of Mr. Lambert to sound the horn upon approaching him.

A witness for Edwards, referring to the boys in her testimony, volunteered this remark:

"I haven't spoken to any of them since the boy was in the hospital, I think two weeks, when the insurance agent called me up and tried to get me to come down to the office and talk to him."

This volunteer statement of the witness was objected to by counsel for the Lamberts, who moved the court that it be stricken; and the court, in the presence of the jury, made its order accordingly in such manner as to plainly inform the jurors that it was not to be considered by them. The claim is made in behalf of the Lamberts that this volunteer remark of the witness was incurably prejudicial to their rights, in that it suggested that whatever judgment might be recovered against them in the case would be paid by some insurance company. We think it not impossible that an ordinary person might get such an impression from the remark of the witness, but we think it is not so clearly capable of that construction as to call for a holding that it was reversible error, in view of the court's order striking it out immediately following its making.

Some other claims of error are suggested and briefly argued, but we think they are without merit and that the case does not call for further discussion.

The judgment is affirmed.

MITCHELL, BRIDGES, TOLMAN, and FULLERTON, JJ., concur.