## MORTIMER M. CANFIELD, *Respondent*, v. SEATTLE CORNICE WORKS, *Appellant*.[1]

HIGHWAYS (58)—USE OF HIGHWAY—NEGLIGENCE—DRIVER OF TRUCK —QUESTION FOR JURY. The negligence of the driver of a truck in driving too close to and striking a pedestrian at the side of the road is a question for a jury, where it appears that he slowed down and asked the pedestrian if he wanted a ride, and upon receiving a negative answer, drove past him with the front part of the truck, striking him after he passed from view with the rear end of the truck, upon which there was a projection a few inches wider than the front end.

TRIAL (51)—ARGUMENT OF COUNSEL—OBJECTIONS AND EXCEPTIONS. Error cannot be assigned upon improper remarks of counsel to the jury, in the absence of a request to instruct the jury to disregard them, where the misconduct was not so flagrant as to be incurable.

Appeal from a judgment of the superior court for King county, Jurey, J., entered January 31, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by a motor truck. Affirmed.

*Van Dyke & Thomas,* for appellant.

*Williams & Davis* and *T. D. Page,* for respondent.

MACKINTOSH, J.—The appellant urges as its principal assignment of error the insufficiency of the evidence to justify the verdict. Made a part of the record, is the memorandum decision of the judge before whom the trial of the case took place, and it so clearly states the facts going to make up this personal injury action and the law bearing upon the question suggested by this assignment of error that we could not improve upon it, and therefore quote and adopt it as our decision upon this point:

[1]Reported in 210 Pac. 773.

"Plaintiff sues for damages for personal injuries alleged to have been sustained from being struck by defendant's auto truck on the Pacific Highway. The trial was before the court with a jury and resulted in a verdict for the plaintiff for $4,000. Defendant has moved for judgment notwithstanding the verdict and for new trial upon most all of the statutory grounds.

. . .

"The questions involved in this hearing are purely questions of fact—more specifically the sufficiency of the evidence to sustain the verdict. The doctrine of *res ipsa loquitur* was in no manner injected into the case and in no manner involved in it. It was a case where the plaintiff was required to prove negligence in the usual manner and not entitled to recover unless he sustained and met that burden of proof that the law requires. As I understand the instructions, the jury was plainly so instructed.

"The main and controlling questions in the case are, was plaintiff struck by defendant's truck, and, if so, was it the proximate result of the negligence of the driver; or was it the proximate result of plaintiff's own contributory negligence? The controlling facts in this regard are as follows, succinctly stated: Plaintiff was walking along upon the paved portion of the highway near his right hand side where he certainly had the right to be. Defendant's truck came up behind him running at a lawful rate of speed and otherwise rightfully operated. Upon coming up with plaintiff, the driver of the truck slowed down and called to the plaintiff asking if he wanted to ride. Plaintiff says that this was the first notice or knowledge he had of the approach of the truck and bore off to his right and off of the paved portion of the highway, and answered by gesture and words that he did not care to ride. The driver of the truck then passed on by the plaintiff and the front part of the truck and the front mud guard passed the plaintiff without striking him. The driver of the truck and its passengers so testify and the plaintiff admits it. That put the plaintiff beyond the vision of those in the truck and they so testify and it is not controverted. Plaintiff testified that he was

then struck by the after part of the truck, knocked down and sustained therefrom the injuries complained of.

"I do not think any good purpose will be served by stating or quoting from the testimony to any considerable extent, for in my judgment the controlling feature and turning point of the case is reduced to a very small margin. I have carefully read and reread over and over again the transcript of the testimony furnished me by defendant's counsel. I do not think the testimony shows any negligence on the part of the driver of the truck, unless it was in driving too close to the plaintiff and striking him. The only witnesses to the accident were the driver and passenger on the truck, and the plaintiff. The driver and passenger on the truck frankly admit that the plaintiff passed out of their view as the front part of the truck and front mud guard passed the plaintiff without striking him, and saw and knew nothing of what happened to him afterwards until they felt a jolt and looked back and saw the plaintiff lying on the ground. The plaintiff testified positively that, immediately after the front part of the truck and front mud guard passed him without striking him, he was struck by something on the after part of the truck, he knew not what, and knocked down and sustained the injuries complained of. Unless this uncontroverted testimony of plaintiff is disregarded as unworthy of belief, it must be conceded that the plaintiff was in fact struck by the truck as he claims he was. . . . The first question that presents itself in this regard is whether or not the physical facts show such a striking to have been impossible, without some affirmative act on the part of plaintiff himself. Defendant's own witnesses admit that some portion of the after part of the truck did in fact protrude two or three inches beyond the line of the outer edge of the front mud guard and the extreme outer edge of the front of the truck which passed plaintiff without striking him. This, of course, was a small margin but it must be conceded it made the striking possible without any affirmative act on the part of the plaintiff. The probabilities of the case depend upon how close the

front mud guard passed to plaintiff. Defendant's witnesses say it was three or four feet, but they were not in as good a position to know as was the plaintiff, and the effect of his testimony in that regard is that it was a close shave. There is no testimony on the part of defendant as to any affirmative act on the part of plaintiff contributing to the striking—they frankly admit they could not and did not see him after the front part of the truck passed him. The plaintiff testified positively that he did not stumble and his testimony as a whole in that regard negatives any act on his part contributing to the striking. It is admitted by defendant's witnesses that the plaintiff was off of the paved portion of the highway when the front part of the truck passed him. At defendant's request, the jury viewed the truck—I did not. I submit this state of facts clearly made a case for the jury and that the court would be unwarranted in overruling its verdict.

"Under the circumstances disclosed by the evidence, if the driver of defendant's truck drove so close to the plaintiff as to strike him with any part of his truck, such would be . . . evidence of negligence . . ."

The evidence shows that the width of that portion of the car which passed the respondent, measured at its widest point—from the outside of one fender to the outside of the other—is sixty-eight inches; that the body of the car beginning back of the driver's seat, at its widest point, was seventy-two inches, and that there was a projection on each side of a small iron bar at the top corner, two and one-half inches from the body, so there was a portion of the car back of that part which had passed the respondent safely, which projected a total distance of four or four and one-half inches, and it is entirely possible that this projection struck the respondent, causing him to fall under the car. His testimony that he was struck about the left hip, although there was no evidence showing that there was any injury to his body on that side, but that all of the

11—122 WASH.

injuries were on his right side, is not so physically impossible as to compel us to say that the physical facts would warrant the taking of the case from the jury. It might be that the lower part of the truck body did strike the respondent, as he testified, in the region of his left hip; and considering the slow speed of the truck at the time, it may not have left any visible mark but was of sufficient force to turn him to the right and throw him to the ground where he was run over by the rear wheels of the truck. Therefore the case, under the decisions in *Stephenson v. Parton,* 89 Wash. 653, 155 Pac. 147; *Deitchler v. Ball,* 99 Wash. 483, 170 Pac. 123, and *Edwards v. Lambert,* 121 Wash. 380, 209 Pac. 694, was properly submissible to the jury.

The next assignment of error is that prejudicial remarks were made by Mr. Page, of counsel for the respondent, to the jury. The record discloses, however, that objection to these remarks was sustained by the court and that no request was made to instruct the jury to disregard them. Such misconduct of counsel cannot be successfully assigned as error unless there has been a request to the trial judge to correct it by instructing the jury to disregard it or unless the misconduct was so flagrant that no instruction would cure it. *State v. Meyerkamp,* 82 Wash. 607, 144 Pac. 942; *State v. Johnson,* 103 Wash. 59, 173 Pac. 723, and *Plastino v. Seattle,* 119 Wash. 195, 205 Pac. 404. We cannot say that the misconduct here was of the latter character. The trial court, having been in better position than we to determine its effect upon the jury, determined that the conduct, if prejudicial at all, was more so to the respondent than to the appellant.

It is next urged that the verdict is excessive. We cannot agree with this contention; nor do we find any error in the refusal to give certain instructions which

is made the basis of other allegations of error. The matter contained in the requested instructions was fully covered by the instructions given.

The judgment is affirmed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.