[No. 21548. *En Banc.* December 23, 1929.]

L. H. KUHN, *Respondent*, v. AMERICAN FRUIT GROWERS, INCORPORATED, *et al., Appellants.*[1]

*D. V. Morthland, Henry H. Wende,* and *Daniel L. Goodman,* for appellants.

*Rigg & Venables, Nat U. Brown,* and *C. W. Halverson,* for respondent.

[1]Reported in 283 Pac. 444.

MAIN, J.—The plaintiff brought this action to recover damages to an automobile owned by him. The defendant American Fruit Growers, Incorporated, in its answer, denied liability, pleaded affirmatively contributory negligence on the part of the plaintiff, and by cross-complaint sought damages to an automobile owned by it. The defendant S. D. Somes, in his answer, denied liability and pleaded affirmatively contributory negligence. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that the defendants were liable. Judgment was entered in favor of the plaintiff in the sum of $1,200, from which the defendants appeal.

The case is before us upon the findings of fact made by the trial court, and the facts therein found may be stated as follows: The accident out of which the litigation arose happened at about 5:30 p. m., October 1, 1927, on state highway No. 3. That highway extends east and west between the cities of Yakima and Sunnyside in Yakima county, and traverses a territory which is largely devoted to farming and ranching. Along the highway there are numerous private roads and cross roads leading from the ranches and residences to and upon such highway. On many of the private roads and cross roads the view is obstructed by orchard trees and buildings. One of the private roads leading into highway No. 3 from the north is what is referred to as the Shadbolt lane. It was at the intersection of this lane with the highway where the accident happened. An automobile, owned by the American Fruit Growers and driven by S. D. Somes, one of its employees, west along the highway, collided with an automobile owned and driven by the respondent down the Shadbolt lane and onto highway No. 3.

The latter part of finding of fact number 4 and finding number 5 will be here quoted:

"(IV) . . . That at the point of junction between said lane and the highway the view of a person approaching said highway along said lane was obstructed on the date herein referred to, by trees, and buildings, to such an extent that the view down the highway from said lane could be gained only when an automobile was close to said highway and that the view from the point at which the highway could first be seen from the lane was limited by said trees and obstructions and that a full view down the entire length of the highway could be procured only after the front wheels of an automobile had entered upon said highway.

"(V) That about 5:30 p. m. on the 1st day of October, 1927, the plaintiff herein was driving that certain Franklin automobile hereinabove mentioned down Shadbolt lane to the point of intersection of said lane with state highway No. 3; that, having arrived at the point where the first and limited view of the highway was available, he stopped his car and looked to the right and to the left, and that at that time there was no car to the left of the point of intersection between said lane, and the highway; that he thereupon threw his car into low gear and entered upon the highway, looking first to the right and then to the left, and that, when the car was fully upon the highway, he saw the defendant Somes approaching said highway at a high and dangerous rate of speed; that said defendant Somes was driving his car at such time at a rate of speed of forty (40) miles per hour, without keeping the proper lookout for vehicles entering upon such highway, and drove along and into said intersection at a high, dangerous and unlawful rate of speed with his said car out of control, and that the said Somes negligently and carelessly drove his car along said highway No. 3 in such a manner as to strike the left front wheel of plaintiff's automobile with such force that it turned plaintiff's car completely around, completely wrecking said car; that the said defendant failed to look to see when, where and how other per-

sons were entering upon said highway from the side roads, and drove at a rate of speed which, under the circumstances and conditions existing at said point, was negligent, and dangerous to the life and limbs of other persons entering upon or riding upon said highway, and that, because of the negligence of said defendant and the driving of said automobile, as aforesaid, the plaintiff's automobile was greatly damaged; that said automobile, prior to said collision, was of the reasonable value of fourteen hundred dollars ($1,400) and after said damage, as aforesaid, it was of the reasonable value of two hundred dollars ($200)."

The first question is whether the appellant Somes drove the automobile of the American Fruit Growers in a negligent manner and thereby caused the collision. If the findings show negligence, it is by reason of the fact that in finding number 5 it is recited that the automobile driven by Somes at the time of the collision was "out of control." This finding is meager, but, giving it the inference most favorable to the respondent, it is barely sufficient to show negligence. It will appear from what is hereinafter said that Somes was not guilty of negligence in any other respect.

The next and principal question is whether the respondent was guilty of contributory negligence. From the facts found, it appears that, before entering upon highway No. 3 from the Shadbolt lane, and at a point where he had a first and "limited view" of the highway, he stopped his car and looked to the right and left, and at that time did not see the automobile approaching from the east. He thereupon threw his car into low gear and entered upon the highway, and when his automobile "was fully upon the highway," he for the first time saw Somes approaching. It is further found that "a full view down the entire length of the highway could be procured only after the front

wheels of an automobile had entered upon said highway." From this it appears that the respondent first looked for approaching traffic when he had a limited view down the highway to the east. He did not look when the front wheels of his car had entered upon the highway and when he would have had a full view. He did not see the automobile driven by Somes until his car was fully upon the highway.

Highway No. 3 was an arterial highway, and vehicles driven along it had the right of way over vehicles entering it from intersecting highways or private lanes. Laws of 1927, p. 801, ch. 309, § 40; Rem. 1927 Sup., § 6362-40. The purpose of an arterial highway is to accelerate traffic with safety. It was the duty of the respondent, before entering upon highway No. 3, to ascertain if any traffic was approaching upon that highway, and if there was, to give precedence thereto. If it were held that the same duty was imposed upon one traveling upon an arterial highway to look out for traffic entering from cross and private roads as is imposed upon those entering the highway from such roads, then the very purpose of an arterial highway would be destroyed, with the result that traffic thereupon would be impeded and the danger of injury very greatly increased.

In *Uhl v. Fertig,* 56 Cal. App. 718, 206 Pac. 467, it was held that, as between a motor vehicle moving along a main artery of travel and another vehicle emerging from private grounds, the former had the first right to pass. It was there said:

"Appellant insists that the evidence shows without conflict that the driver of plaintiff's car was guilty of contributory negligence. He prefaces the argument to this point with the assertion that, as between a motor vehicle moving along a main artery of travel and another vehicle emerging from private ground abutting the highway, the former must be conceded the first

right to pass. To that proposition we are disposed to give ready assent. It would seem to be a rule founded upon the reasonable necessities of the situation assumed. The conditions which surrounded the parties at the time and place where the accident herein referred to occurred well illustrate the need for declaring the rule to be as indicated. Over that thoroughfare a great deal of vehicular traffic constantly passed, and high rates of speed were maintained. The casual machine that might emerge upon the highway from private property aligning the same could better suffer the small delay by allowing precedence to the highway traffic and so not only avoid obstructing the latter, but decrease the danger of injury by collision."

In *Rosenstrom v. North Bend Stage Line, ante* p. 57, 280 Pac. 932, it was said:

"Third avenue was designated as an arterial highway, and vehicles driven along it had the right of way over vehicles entering it from intersecting highways. Laws of 1927, p. 801, chap. 309, § 40; Rem. 1927 Sup., § 6362-40. The public authorities, however, had not placed the usual stop signs at the intersection.

"The first question the record orderly presents is whether Baffaro, the driver of the automobile in which the respondent was riding, was guilty of negligence as matter of law. That he was so guilty, we think there is hardly room for doubt. Under the statute, it was his mandatory duty to give way to the approaching stage, and this duty he disregarded. He drove his automobile into the highway immediately in front of the stage, making a collision all but inevitable. It is true he testified that he did not see the stage until it was almost upon him, although he looked in the direction from which it was approaching before he entered the street. But this does not relieve him from a charge of negligence. The stage was an object of considerable size. It was in the broad light of the day. After he reached the margin of the street, there were no intervening objects between him and the stage, and if he failed to see it, it is evident that he did not look with that degree of care the law requires. The statute cited

was enacted in the interests of the public good. Its purpose is to facilitate traffic on the public highways and prevent accidents thereon. It is the duty of every user of the highway to give it heed, and it would seem that under no circumstance would its disregard be justifiable."

In that case, the accident happened at the intersection of a public highway with the arterial highway, but we see no reason why the same rule should not be applied where a private road or lane enters an arterial highway. The respondent, before entering upon highway No. 3, did not exercise the proper degree of care to determine whether any traffic was approaching upon that highway, and was therefore guilty of contributory negligence. It was his duty to look where he could see and before driving his automobile entirely upon the highway. The limited view which he made would furnish him little, if any, information with reference to an automobile approaching the intersection from the east, which would be on the north side of the road. The facts found by the trial court show that the respondent was guilty of contributory negligence which contributed to the accident and prevents a recovery.

The judgment will be reversed and the cause remanded with direction to dismiss the respondent's action and also the cross-complaint of the American Fruit Growers, Incorporated.

BEALS, FULLERTON, PARKER, TOLMAN, HOLCOMB, FRENCH, and MILLARD, JJ., concur.

MITCHELL, C. J. (dissenting)—In my opinion the findings sustain the judgment, especially under the rule that "where a case is brought to this court upon the findings alone, a respondent is entitled to the most favorable inferences that can be drawn from them."