[No. 22411. *En Banc.* March 25, 1931.]

FRANK GEITZENAUER, *Respondent*, v. EMIL JOHNSON
*et al., Appellants.*[1]

*Shank, Belt, Fairbrook & Rode* and *Thomas A. Stiger,* for appellants.

*Lloyd L. Black* and *J. L. Rucker,* for respondent.

PER CURIAM.—The following opinion was prepared by the late Judge French, and is hereby adopted as the opinion of the court in the case above entitled:

Respondent recovered damages in the trial court by reason of an automobile accident occurring at the intersection of Twenty-fifth street and Hoyt avenue in the city of Everett, Washington.

[1]Reported in 297 Pac. 174.

Respondent was driving west on Twenty-fifth street and appellant was driving south on Hoyt avenue. Twenty-fifth street is about twenty-seven feet wide and Hoyt avenue is some ten feet wider. Respondent, driving slowly, approaching the intersection, looked to his right and saw appellant's car some little distance away. He then looked to the left, and looking to the right again, saw appellant's car within some thirty feet of him, and brought his car to a stop just as he was hit by appellant's car. The place where he stopped is not in dispute, practically all the witnesses agreed that respondent's car stopped just as it was hit; that is, the stopping of respondent's car and the accident were practically simultaneous.

There is no dispute that the front part of respondent's car had crossed the center line of Twenty-fifth street about eighteen inches, and it was the front six or eight inches of respondent's car that was struck, thus causing the accident. We think the record fairly shows that appellant was driving close to the center of the street, but at all times slightly to the right of the center. Some contention is made that appellant was exceeding the speed limit, and this is probably correct, but the trial court indicated that the speed of appellant's car in no way contributed to the accident.

We think the record fairly discloses that while appellant may have been driving slightly in excess of the legal rate of speed, the trial court was correct in indicating that this did not in any way contribute to the accident, and that the only question involved is the interpretation of that portion of the statute relating to drivers simultaneously approaching highway intersections:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to ve-

hicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not; Provided, this paragraph shall not apply to drivers on arterial highways.'' Rem. 1927 Sup., § 6362-41, subd. 14.

Appellant, being on the right, was the favored driver, but we think the testimony in this case clearly shows that it was appellant's car that ran into respondent's car. The testimony also clearly shows that there was no obstructing traffic, and that, while appellant was driving to the right of the center of the street, yet there was a clear space of some sixteen or seventeen feet between the front end of respondent's car and the curb, so that, had appellant given even the slightest look at the path over which she was traveling, she must have seen respondent's car and have had ample opportunity to avoid the collision. All that was necessary for her to do, was to swerve one foot to the right and she could have easily avoided all injury. Her own carelessness, in failing to look, and in failing to take advantage of the ample space left her in which to pass, precludes recovery by her.

The sole question remaining, then, is, was respondent guilty of negligence which in any way contributed to the injury?

It is clear that appellant's car had the right of way under the statute above quoted. Respondent attempted to yield this right of way, and claims that he did yield this right of way, so that the question for us to determine is, what space must the disfavored driver surrender when the cars are simultaneously approaching a given point within an intersection?

We think it is generally understood by all drivers that cars are being driven and operated properly, that

is, in so far as the location on the street is concerned, if being driven to the right of the center of the street. True, Rem. 1927 Sup., § 6362-41, subd. 12, states:

"It shall be the duty of any person in charge of any vehicle or animal moving along and upon any public highway to keep such vehicle or animal as closely as practicable to the right-hand boundary of such highway to allow more swiftly moving vehicles reasonably free passage to the left."

But it will be noticed that it is stated that the purpose is to allow more swiftly moving vehicles safe passage to the left, and, in the instant case, there was no overtaking vehicle, as far as the record shows. We think the driver of an automobile has the lawful and legal right, in the absence of an overtaking vehicle, or some other unusual situation, to use, occupy, and drive upon that space to the right of the center line of the street, and that, when the statute requires drivers situated as respondent was in this case, to yield the right of way, it means to yield at least all of that portion of the street to the right of the center line.

If respondent can go eighteen inches beyond the center line of the street, as happened in this case, then respondent may go three feet or six feet across the center line, so long as there is sufficient space between the front of his car and the curb for the driver on his right to get through. But this certainly cannot be the meaning of the statute. We have here a situation where respondent knew that appellant's car was the favored car, and had the right of way; where he was, according to his own testimony, driving at a rate of speed so that he might easily have stopped his car, if necessary, before reaching the center line of the street. Knowing the situation, he crossed the center line of the street, and it was that portion of his car projecting across the center line of the street that caused the accident in

question. This was not a yielding of the right of way as contemplated by the statute.

We hold that, when the statute requires a driver to look out for and give the right of way to vehicles approaching from his right, in the absence of some extraordinary or unusual circumstances it means that that portion of the street shall be surrendered over which the favored car has a right to travel. Differently stated, we hold that, where the disfavored driver is attempting to surrender the right of way, as in this case, he must surrender at least the entire portion of the street to the right of the center line; that failing to do so is a violation of the statute, and, under numerous decisions of this court, constitutes negligence. That the negligence contributed to the injury, there can be no question under the evidence in this case. Respondent was therefore guilty of contributory negligence barring any recovery by him.

For the reasons stated in the opinion, the judgment appealed from is reversed with instructions to dismiss the action.

HOLCOMB, J. (dissenting)—The prevailing opinion never received my concurrence, although I am now reluctant to dissent.

The decision makes it imperative for a disfavored driver, attempting to surrender the right of way across a street intersection, *to surrender the entire portion of the street to the right of center line;* and failure to do so, even to the extent of some inches, the exact extent of the projection being in question, as in this case, constitutes contributory negligence, by reason of which the disfavored driver cannot recover, even though the favored driver was also crowding the center line of the intersection.

With such drastic rule I am unable to agree.

Furthermore, while it is true appellants' car had the right of way, yet it is equally true that it was being driven at a rate of speed in excess of that there permitted by law. Appellants' car was being driven within ten or twelve inches of the center line of the street when he had from sixteen to seventeen feet from his right hand side to the curb line. As respondent entered the intersection, he looked to the left, as was his duty, to observe whether any traffic was approaching from the south traveling northward. He was driving at a very moderate rate of speed, well within the statutory rate. When he looked to his right he observed appellants' car, which was then distant about thirty-five feet and immediately proceeded to bring his car to a stop, and had completely stopped before the impact or collision occurred, with the front end of his car extending, at the most, seventeen or eighteen inches beyond the center line of the street.

Appellants' car struck respondent's car from six to eight inches back of the extreme front end, thereby showing that it was traveling from ten to twelve inches of the center, so that, had it swerved to the right ten or twelve inches, the accident would have been avoided. The favored driver had ample space, and the exercise of the slightest degree of care on her part would have avoided the accident.

Manifestly, under the circumstances, the favored driver should not be permitted to escape liability. There is no escape from the conclusion that the direct and proximate cause of the collision was the reckless negligence of appellants' driver, and the judgment of the lower court should be affirmed.

BEELER, J., concurs with HOLCOMB, J.