[No. 23771. Department One. June 15, 1932.]

CAROLINE OVERAA et al., Appellants, v. TACOMA BUS COMPANY, Respondent.[1]

Robert B. Abel and George F. Abel, for appellants.
Ellis & Evans, for respondent.

HERMAN, J.—April 11, 1931, at about 3:30 p. m., plaintiff Caroline Overaa was driving north on that road in Pierce county known locally as the Vickery road, approaching the place where the Vickery road intersects at right angles the Midland-Summit highway. The latter street is paved, and, prior to the time of the accident, had been, in accordance with Laws of 1927, p. 698 (Rem. 1927 Sup., § 6362-41a), designated by the Pierce county commissioners as a heavily traveled road, and, pursuant to such law, stop signs were erected, protecting the Midland-Summit highway and, in effect, warning the public that the highway had been so designated. For the purposes of this case, the Midland-Summit road will be treated as an arterial main traveled highway.

[1]Reported in 12 P. (2d) 415.

Defendant's motor bus was being driven along the Midland-Summit highway toward the intersection from the west. Plaintiff Caroline Overaa (who will hereinafter be referred to as the sole party plaintiff) testified she stopped her car at the stop sign, put her car into low gear and started across the highway at seven miles per hour. At about the center of the road intersection, defendant's motor bus struck the left side of her automobile, damaging the car and severely injuring plaintiff.

At the close of plaintiff's testimony, defendant made a motion for a nonsuit, which was granted, and judgment was entered for defendant. From that judgment, plaintiff has appealed.

Appellant insists that she was not guilty of contributory negligence, because the driver of respondent's bus operated his automobile in such a manner as would deceive a reasonably prudent driver, and would warrant her in going forward upon the assumption that she had the right to proceed. In support of her contention that she was not guilty of contributory negligence as a matter of law, and that the trial court should have submitted the cause to the jury with appropriate instructions, appellant calls attention to the fact that respondent's bus was being driven with two wheels off the paving and with the door of the stage open.

Laws of 1927, p. 803, § 41, paragraph (8) (Rem. 1927 Sup., § 6362-41), provides as follows:

"It shall be unlawful to operate or drive any vehicle . . . over or along any pavement or gravel or crushed rock surface on a public highway with one wheel or all of the wheels off of the pavement or gravel or crushed rock surface except for the purpose of stopping off the pavement or gravel or crushed rock surface."

Appellant contends that, when respondent's driver drove the bus with two wheels off the pavement, it was a signal he intended to stop the bus. Assuming that appellant is correct, and the effect of driving the bus with two wheels off the pavement and the door open was a signal that the bus was going to stop, it was not a signal that the bus would stop before it crossed the intersection, nor was it a signal that the bus driver intended to forego his right of way.

Because Mrs. Overaa mistakenly believed respondent's driver was going to stop before he reached the intersection, she, after halting in compliance with the stop sign, resumed her course, glanced at respondent's stage still traveling with two wheels off the pavement, and, without further attention to its approach, started to cross the intersection. She proceeded in low gear at seven miles per hour across the course of respondent's bus, and, when she reached approximately the center of the intersection, she saw the bus "right alongside of her" and her car was struck. The following excerpts from appellant's testimony indicate her version of how the collision occurred:

"A. I pulled up in front of the stop sign which is quite a ways back from the highway, and stopped. I seen a bus coming down the highway with the door open and so I naturally supposed he was going to stop. Q. Do not say what you supposed. A. He was coming down with the door open and had two wheels on the highway and two off of the pavement, and I put my car in low and started across the highway and when I got just past the middle the bus loomed up right alongside of me and I swerved as hard to the right as I could, but he hit me right on the door where I sat on the left-hand side. . . . I just started up and as I started I naturally glanced that way and he was still coming there. If he had been close I probably would have stopped. Q. There are stop signs at every road coming into that main highway, aren't

there? A. I could not say. Mr. Abel: That is objected to. A. (Continuing) I know that one is there.''

On both direct and cross-examination, Mrs. Overaa testified that she could not tell how fast respondent's bus was traveling toward her. It is clear that she mistook the fact that the stage was traveling with its door open and with two wheels off the pavement for a signal that it was going to stop before it crossed the intersection. She proceeded to cross slowly in front of its course without further observation until ''the bus loomed up right alongside'' her car.

The case at bar is distinguishable from the case of *Lawe v. Seattle,* 163 Wash. 362, 1 P. (2d) 237, cited and relied upon by appellant. In that case, the city's employee was driving on the wrong side of the street, and the plaintiff assumed that the employee intended to stop at a business place on the side of the street on which he was wrongfully driving. In the course of its opinion, the court said:

''Appellant Fasken could have traveled over Klickitat avenue under the trestle supporting the bridge to the south side of west Spokane street, proceeded east to Eleventh avenue southwest, turned to the north side of west Spokane street, and then proceeded west over the bridge in safety. That is what he should have done. His use of that one-way street was in violation of the city ordinance. When Fasken began to make his turn upon the approach to the bridge, respondent was turning his car to the south to meet the approach to the bridge, and his line of vision was away from the point where he originally saw Fasken. Respondent's attention was then being given to the cars approaching from the west over the bridge. The position of appellant Fasken's car would not again be called to respondent's attention until respondent began making the turn. He then was so close to Fasken that he was confronted with an emergency.

''Respondent was not aware until that time that Fasken had not, as respondent assumed he intended

doing, stopped at one of the business places on the north side of the street. It was reasonable to so assume. Respondent had a right to assume that Fasken would not continue along that street in violation of the city ordinance.''

In the case at bar, appellant had no right to presume that the bus would stop before it crossed the intersection, and she erred in assuming that respondent's driver had yielded his right of way. Even had respondent's driver stopped his vehicle prior to reaching the intersection, he would still, upon the resumption of his course, have had the right of way over a disfavored driver approaching the highway on which he was traveling, in view of its designation by the county commissioners as a heavily traveled road, and the erection of stop signs pursuant to such designation.

Laws of 1927, p. 801, § 40 (Rem. 1927 Sup., § 6362-40), provides in part as follows:

''The operator of any motor vehicle entering upon an arterial main traveled highway, from a public or private highway, road, street, way or driveway, shall yield the right of way to vehicles on such arterial highway and shall come to a full stop thereat when and where signs, posts or other markers so direct or indicate.''

It conclusively appearing, from Mrs. Overaa's testimony, that she wrongfully failed to yield the right of way to respondent's vehicle, and that her failure to yield the right of way was a proximate cause of the accident, we hold that she was guilty of contributory negligence as a matter of law, and, therefore, is without right to recover from respondent.

Judgment affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.