[No. 23819. Department One. July 20, 1932.]

MARTIN H. SATHER, *Appellant*, v. EARL E. BLODGETT
*et al., Respondents.*[1]

*Burkey & Burkey,* for appellant.
*Ellis & Evans,* for respondents.

TOLMAN, C. J.—This is an appeal from a judgment of nonsuit, entered at the close of plaintiff's case, in an action for personal injuries and property damage suffered as the result of a collision between two automobiles at a street intersection in the city of Tacoma.

The plaintiff, appealing, assigns as error the rejection of certain offered evidence and the granting of the motion for a nonsuit.

If the offered evidence had been received, still, in our opinion, the motion for a nonsuit would necessarily have been granted, so that it is useless to expend time and space in discussing its admissibility.

The accident happened at the intersection of Stadium way and north First street. Appellant was traveling in a northerly direction on Stadium way at a lawful rate of speed, intending to follow the main

[1]Reported in 13 P. (2d) 60.

course of travel by making a left hand turn into north First street, which alone of the streets involved is an arterial highway. The continuation of Stadium way beyond the intersection with north First street is known as north E street. Appellant was traveling up grade to reach the intersection, and the respondent, coming from the north on north E street, was also traveling up grade. The grade was such that neither driver could see the other car for any considerable distance before reaching the apex of the hill at the intersection.

There were two buttons in the intersection, so placed as to direct traffic passing from Stadium way into north First street or vice versa, and there was a "Slow" sign on north E street just north of the intersection. There were no signs or buttons which directed either driver to stop before entering the intersection.

The testimony offered on behalf of the appellant is to the effect that he entered the intersection at a lawful rate of speed after having had his hand extended a proper length of time, and as he rounded the first button, turning to the left, he withdrew his hand for use in guiding his car; that he then saw respondent's car some fifty to sixty feet back from the corner, approaching the intersection; and that the next thing he knew, respondent's car hit the broad side of his car just as he was straightened out to proceed up north First street. Later, he produced some testimony to indicate that respondent's car was still further from the intersection when he first saw it.

He further testified that, if the Blodgett car had been coming at a speed of not more than twenty-five miles per hour and had entered the intersection at a speed not greater than fifteen miles, he would have had time to clear the intersection before the impact. This is of course but a conclusion, which carries but little weight,

and it in no wise takes the place of the exercise of due care to ascertain at what speed the Blodgett car was approaching. Appellant offered no evidence whatever of knowledge of the speed at which the Blodgett car was traveling or of using care to acquire such knowledge, nor did he by his testimony indicate that he was deceived by the operations of that car in any manner or at all.

Since neither driver was on an arterial highway, the case is governed by the rule of *Martin v. Hadenfeldt*, 157 Wash. 563, 289 Pac. 533, and our cases which follow it.

Appellant, in turning into north First street, placed the respondent on his right, and therefore the respondent had the right of way. Appellant, being in the disfavored position, was charged with the greater burden, and the duty was upon him to maintain a fair margin of safety. Since appellant produced no evidence to indicate that respondent "so wrongfully, negligently, or unlawfully operated his car as would deceive a reasonably prudent driver" in his (appellant's) position, there was no question to go to the jury.

There was considerable discussion below and here in regard to the location of the buttons placed in the intersection by the city, and as to whether the appellant, though keeping to the right of these buttons, in fact or in law "cut the corner." These matters have no bearing on the decisive point in the case, because, whether in the proper course or out of it, still the appellant was bound to observe and yield to traffic approaching from his right, and this he did not do. Therefore, he was guilty of contributory negligence, as a matter of law.

Judgment affirmed.

MITCHELL, HERMAN, PARKER, and HOLCOMB, JJ., concur.