[No. 24610. Department One. January 9, 1934.]

ORVILLE R. GRAVES, *Respondent*, v. W. W. FLESHER
et al., *Appellants.*[1]

*Roberts, Skeel & Holman* and *W. R. McKelvy,* for
appellants.

*Charles H. Graves,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries, and also property damage. The defendants were Herman Helwig and wife and W. W. Flesher and wife. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover against all of the defendants. Flesher

[1]Reported in 28 P. (2d) 297.

and wife moved for a new trial, and also for a judgment in their favor, both of which motions were overruled. Judgment was entered against all of the defendants in the sum of twenty-five hundred dollars, from which Flesher and wife appeal. Helwig and wife did not appeal from the judgment.

The facts are these: The accident out of which the litigation arose happened July 16, 1932, at about five o'clock p. m., on the Pacific highway approximately a mile south of the city of Chehalis, and near where a side road enters that highway. The Pacific highway is paved to the width of twenty feet, and is an arterial highway. The side road entering the Pacific highway enters, not at right angles, but with an angle of approximately forty-five degrees between it and the Pacific highway to the south. The side road does not cross to the east of the highway.

The respondent was proceeding south on the Pacific highway in a Hupmobile roadster at a speed of approximately thirty-five miles an hour, the car at the time being driven by another person. From some point to the south of where the side road enters, Helwig was proceeding north in a Chevrolet sedan. The appellants, in a Dodge sedan driven by Mr. Flesher, approached the Pacific highway on the side road and entered thereon. At the time the Flesher car entered the highway, the respondent's car was approaching from the north at the speed mentioned. The Helwig car was approximately seventy-five feet to the south and was approaching at a speed of thirty-five miles an hour.

After the Flesher car entered the highway, it turned to the left to proceed to the north in front of the approaching Helwig car. After making the turn, as found by the trial court, there was a hesitancy or partial stopping of the Flesher car, due, apparently, to the shifting of the gears. The Helwig car, to avoid striking the

Flesher car in the rear, swung to the left, and, being in the same lane as the respondent's car, went on the loose gravel to the west of the highway, skidded and collided with the respondent's car about seventy-five feet west of where the side road entered. The respondent's car could not swing to the left to avoid being hit by the Helwig car because the Flesher car was on that side of the road. The Flesher car did not come in contact with either of the other cars.

The respondent recovered against the Helwigs and the Fleshers on the theory that the drivers of both were negligent, the driver of the Helwig car being negligent in that the foot brake of the Chevrolet was defective and he had to resort to the use of the emergency brake, and the driver of the Flesher car being negligent in that he entered upon an arterial highway when other vehicles were approaching from either direction when there was not a reasonable margin of safety for him to do so; to state it otherwise, that he did not yield the right of way to vehicles on the arterial highway.

In the facts above stated, it is said that the Flesher car entered upon the Pacific highway when the Helwig car was approximately seventy-five feet away. This is a disputed fact, and the trial court found that, at the time the Flesher car entered the highway, the Helwig car "was approaching at a distance of approximately seventy-five feet from the south." The evidence offered by the appellants was to the effect that the Helwig car, as they entered the highway, was six hundred feet away. The evidence offered by the respondent was to the effect that the Helwig car was approximately seventy-five feet away. Upon this conflicting evidence, the trial court found as above stated, and, after considering the evidence, we are of the opinion that the trial court's finding was correct, and was in accord with the weight of the testimony. In what is

hereinafter said, we shall take it to be a fact that the Helwig car was but seventy-five feet away when the Flesher car entered the highway.

The only question presented upon this appeal is whether the appellants were guilty of negligence in that they entered the highway without yielding the right of way to the automobiles thereon and approaching at the time. If the Flesher car had not entered the highway, the Helwig car would have proceeded north on its right-hand side of the pavement and there would have been no collision with the respondent's car. On the other hand, if the driver of the Helwig car had not been guilty of negligence in that he was driving a car with defective brakes, the Flesher car would have proceeded north on the highway and neither it nor the appellants' car would have collided.

Rem. Rev. Stat., § 6362-40, provides that the operator of any motor vehicle entering upon an arterial highway from a side road "shall yield the right of way to vehicles on such arterial highway, and shall come to a full stop thereat." It may be accepted as a fact in this case that the Flesher car did stop before entering the highway, but, having stopped, it was the duty of the driver thereof to give precedence to vehicles upon the arterial highway and not attempt to cross or proceed into the highway unless there was a reasonable margin of safety. *Kuhn v. American Fruit Growers,* 154 Wash. 693, 283 Pac. 444; *Martin v. Westinghouse Electric & Manufacturing Co.,* 162 Wash. 150, 297 Pac. 1098.

In *McAllister v. Anderson,* 169 Wash. 14, 13 P. (2d) 36, it was held, in a case tried to the jury, that the driver of an automobile was guilty of contributory negligence, as a matter of law, when he stopped on a nonarterial highway and saw a car rapidly rounding a curve and heading towards him at a distance of two

hundred feet away, and did not wait and give way to it, but started across the arterial highway and was struck before he got across. It was there said:

"Here it is apparent that, immediately after appellants' car started in motion and before it entered the zone of danger, its driver could and should have stopped it and permitted the traveler on the arterial highway to pass. Appellant was the disfavored driver. He was bound to look out for and yield to the traveler on the arterial highway. It was his duty to know, if he reasonably could, the speed at which the other was traveling, and to avoid him even though he might be driving negligently. Not having followed the obviously safe and prudent course, the appellants were guilty of contributory negligence, and the facts being undisputed and coming from their own lips, the trial court properly held that they were so guilty, as a matter of law."

In the recent case of *Rust v. Schlaitzer*, 175 Wash. 331, 27 P. (2d) 571, tried to the court without a jury, where an automobile stage and two automobiles were involved, it was said, after finding that the driver of the stage was negligent:

"But, notwithstanding the negligence of the bus driver, we think Schlaitzer himself was guilty of contributory negligence, as a matter of fact. According to his own testimony, the Rust car was only eighty feet away when he started across the easterly pavement. He was the disfavored driver entering upon an arterial highway. As such, the obligation was upon him to avoid collision with vehicles approaching thereon in such close proximity to the intersection. [Citing authorities.]"

In principle, there appears to be no distinction between that case and the one now before us. There, Schlaitzer entered the arterial highway when the other car was eighty feet away, and in this case the Flesher car entered the highway when the Helwig car was

seventy-five feet away. Plainly, the driver of the Flesher car was guilty of negligence in entering upon the arterial highway without yielding the right of way to vehicles thereon, as by the statute it was made his duty to do.

In this case, there were two proximate causes of the injury, one, the negligence of the Helwig car, and the other, the negligence of the driver of the Flesher car, and the negligence of the two concurred in producing the accident. In such a case, both are liable. In *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9, it is said:

"There may be more than one proximate cause for the same injury. The negligence of different persons, though otherwise independent, may concur in producing the same injury. In such a case, all are liable. They may be held either jointly or severally. The negligence of one is no excuse for that of another.

" 'If the damage has resulted directly from concurrent wrongful acts or neglects of two persons, each of these acts may be counted on as the wrongful cause, and the parties held responsible, either jointly or severally, for the injury. It is well settled by the adjudged cases that when an injury is the result of the combined negligence of the defendant and the negligent or wrongful act of a third person, for whose act neither the plaintiff nor the defendant is responsible, the defendant is liable, when the injury would not have happened except for his negligence. Thus, if two persons wrongfully block up a street, so that one is injured in attempting to pass them, neither of the culpable parties can excuse himself by showing the wrong of the other, for the injury is a natural and proximate result of his own act under the then existing circumstances, and to excuse either would be to deny all remedy in the case of plain and palpable injury.' Cooley, Torts (3d ed.), pp. 119-123."

The cases of *Lindsey v. Elkins,* 154 Wash. 588, 283 Pac. 447, and *Young v. Smith,* 166 Wash. 411, 7 P. (2d)

1, are to the same effect. Even though the accident would not have occurred had it not been for the negligence of the driver of the Helwig car, this does not excuse the driver of the Flesher car from the consequences of his own negligence. In *Ringaard v. Allen Lubricating Co.*, 147 Wash. 653, 267 Pac. 43, it is said:

"The principle of law relative to the liability of joint tort-feasors the appellant invokes is well settled in this jurisdiction. Whatever may be the rule elsewhere, we have uniformly held that, where the concurrent or successive negligence of two or more persons combined together results in an injury or loss to a third person, and the negligence of the one without the concurring negligence of the other would not have caused the injury or loss, the third person may recover from either or both for the damages suffered. [Citing authorities.]"

The case of *McCormick v. Hanneberg*, 170 Wash. 133, 15 P. (2d) 939, and others to the same effect that might be cited, have no application here, because there is absolutely nothing in this case upon which negligence can be predicated with reference to the driver of the respondent's car. That car was on its own right-hand side of the road, proceeding at a reasonable speed, and the driver thereof had no opportunity to avoid the collision by reason of the position of the other two cars.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, MILLARD, and STEINERT, JJ., concur.