[No. 24555. *En Banc.* April 11, 1934.]

GERALD I. HEMRICH, *Respondent,* v. SAMUEL KOCH
et al., *Appellants.*[1]

*Preston, Thorgrimson & Turner,* for appellants.
*Shorett, Shorett & Taylor,* for respondent.

STEINERT, J.—This action was brought to recover
damages for personal injuries. The defendants denied
liability, and affirmatively pleaded contributory neg-

[1]Reported in 31 P. (2d) 529.

ligence. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover. Judgment was entered in accordance with the findings in the sum of twelve hundred fifty dollars, from which the defendants have appealed.

The facts are these: The accident happened January 22, 1931, at about 8:30 a. m., at the intersection of Madison street and Twentieth avenue, in the city of Seattle. Twentieth avenue extends north and south and Madison street east and west, tending toward the northeast. Madison street is an arterial highway, forty-two feet in width between curbs, and upon it are double street-car tracks. Twentieth avenue is paved with asphalt; Madison street is paved with granite blocks from its curbs to the street-car tracks, and with stone between the rails. At the northwest corner of the intersection there is a stop sign, indicating the arterial highway.

Appellant Samuel Koch, who will be referred to herein as though he were the only party appellant, was proceeding south along Twentieth avenue in a Reo automobile. The respondent, a young man about twenty-one years of age, was riding in the rear seat of a seven-passenger Packard sedan owned by his father and then being driven by the owner's chauffeur, Bert Davis; this car was proceeding east on Madison street. The Packard automobile was in the second lane of traffic from the south curb, and to its right, in the first lane of traffic, another automobile was traveling east. From Nineteenth avenue, or the next street to the west, there is a down grade of six per cent toward Twentieth avenue. The traffic upon Madison street at this intersection is frequently heavy, especially at the time of day at which this particular

accident happened. It either was, or shortly before had been, raining, and the streets were wet at the time.

The appellant stopped at the arterial stop sign, and then, after waiting until the traffic from the east, or to his left, had cleared, proceeded in low gear into the intersection. The Packard car was then, according to the findings of the court, one hundred and twenty-five feet from the intersection, and was being driven at a speed of twenty-five miles per hour. After appellant had gotten into the intersection, he observed the Packard automobile coming from his right, and, realizing that he did not have time to cross, came to a stop with the front wheels of his automobile still to the north of the center line of Madison street.

Davis, the driver of the Packard car, when about one hundred and twenty-five feet from the intersection, saw the Reo at a standstill at the stop sign on Twentieth avenue. He then observed it moving forward, and had it continuously under observation from that time on until it again stopped near the center line of Madison street. According to Davis' testimony, when he first saw the Reo car proceeding into Madison street, he thought that it would hurry across in front of him. He therefore swung slightly to his left, at the same time lifting his foot from the accelerator and placing it on the brake, intending to pass behind the Reo. When the Reo stopped, Davis, realizing that he could not pass to the rear of it, pulled to his right and applied his brake. The two cars were then seventy-five feet apart.

As a result of the application of the brake, the Packard skidded the full distance of seventy-five feet and collided with the Reo car, which was standing still north of, but close to, the center line of Madison street. The property damage to the two cars was slight. The personal injuries for which recovery is here sought

are those alleged to have been sustained by respondent by reason of his having been thrown against the inner side of one of the doors of the Packard car.

Two questions are raised by the assignments of error: (1) Whether appellant was guilty of negligence, and (2) if so, whether respondent's driver was guilty of contributory negligence.

■ Rem. Rev. Stat., § 6362-40, so far as it is pertinent here, provides as follows:

"The operator of any motor vehicle entering upon an arterial main traveled highway, from a public or private highway, road, street, way or driveway, shall ·yield the right of way to vehicles on such arterial highway and shall come to a full stop thereat when and where signs, posts or other markers so direct or indicate."

This statute does not prohibit one from *entering* upon an arterial highway, even though another has the right of way thereon. It simply requires the operator of such entering vehicle to yield the right of way to vehicles on the arterial highway, and to come to a full stop thereat when and where proper signs so indicate. That is exactly what the appellant in this case did. He had previously stopped at the arterial sign, and had accorded the right of way to the traffic from the east. When the traffic from that direction had cleared, he proceeded slowly into the intersection. At no time did he contest the right of way with respondent's car or any other traffic coming from the west. At no time did he impede the progress of such traffic. Seeing the respondent's car coming, he stopped, yielding to it the right of way and leaving the full half of the street clear.

The law does not require that the disfavored driver remain stationary at the entrance to an arterial highway until the traffic from both directions has fully

cleared. If that were the rule, it would be well-nigh impossible ever to cross an arterial highway in a busy section of a city. In *Geitzenauer v. Johnson,* 161 Wash. 444, 297 Pac. 174, this court defined what yielding or giving the right of way means. It was there said:

"We hold that, when the statute requires a driver to look out for and give the right of way to vehicles approaching from his right, in the absence of some extraordinary or unusual circumstances it means that that portion of the street shall be surrendered over which the favored car has a right to travel."

There was no extraordinary or unusual circumstance attendant upon the present occasion, at least not until after respondent's car had begun to skid.

It is true that, in the case just cited, no arterial highway was involved. But, in reason, the rule should be the same, with the added precaution to be taken by the disfavored driver to come to a preliminary stop at the arterial sign before driving further. It is the duty of one entering an arterial main traveled highway at all times to accord the right of way to vehicles thereon, but that duty is discharged when the driver upon the arterial highway is accorded that portion of the street over which he has the right to pass, and is afforded a reasonable opportunity, under all the circumstances, to do so.

Respondent cites and relies upon the following cases: *Kuhn v. American Fruit Growers,* 154 Wash. 693, 283 Pac. 444; *Overaa v. Tacoma Bus Co.,* 168 Wash. 392, 12 P. (2d) 415; *McAllister v. Anderson,* 169 Wash. 14, 13 P. (2d) 36; *Sather v. Blodgett,* 169 Wash. 25, 13 P. (2d) 60; *Rust v. Schlaitzer,* 175 Wash. 331, 27 P. (2d) 571; and *Graves v. Flesher,* 176 Wash. 130, 28 P. (2d) 297.

In *Kuhn v. American Fruit Growers, supra,* the

plaintiff drove into an arterial highway without making proper observation, and was run into by an automobile coming from his left, upon the near side of the highway. It was there said:

"It was the duty of the respondent [plaintiff], before entering upon highway No. 3, to ascertain if any traffic was approaching upon that highway, and if there was, to give precedence thereto."

In other words, the law required him to give precedence, which he had failed to do when he drove directly into the path of oncoming traffic.

In *Overaa v. Tacoma Bus Co.*, *supra*, the plaintiff drove across the path of a bus coming from the left, which had the right of way upon an arterial highway. In *McAllister v. Anderson*, *supra*, the same situation was presented. In *Sather v. Blodgett*, *supra*, it was held, and rightly so, that the driver of an automobile turning off to the left at an intersection must observe and yield to traffic approaching from the right. In *Rust v. Schlaitzer*, *supra*, and *Graves v. Flesher*, *supra*, we have the same situation as was presented in the *Kuhn*, *Overaa* and *McAllister* cases, *supra*. The disfavored driver had driven into the path of the automobile upon the arterial highway.

The facts in all of those cases distinguish them from the case at bar. Here, as we have already stated, appellant did not drive into the path of respondent's car, but at all times yielded the right of way to it by surrendering to the latter the full half of the street over which respondent's car had the right to travel. Had respondent's car not skidded, there would, in all likelihood, have been no collision. But appellant was not responsible for the skidding of respondent's car. We hold that appellant was not guilty of negligence.

But even if appellant could be said to have been guilty of negligence, the evidence establishes

contributory negligence on the part of respondent's driver. It will be remembered that respondent's driver was traveling downhill, on a six per cent grade, along a wet pavement, at a rate of twenty-five miles per hour. His right side was blocked by an automobile traveling alongside of him. He therefore either had to proceed in a straight course in his own lane or else had to pull over onto the left side of the street.

He testified that, going at the rate of twenty-five miles per hour, he could not have stopped his car at. the particular time and place in less than one hundred feet. Under these circumstances, he did not have his car under proper control. Had· that portion of the street to his right been clear, he might easily have pulled over and passed in front of appellant. He elected to put himself in the position that he occupied, and, having done so, it was his duty to have his car under such control as, by the exercise of reasonable care, would enable him to bring it to a stop before reaching the intersection if his passage across the intersection was impeded. Had his car been under control, he could either have stopped before reaching the intersection or else, by proceeding in a straight course, have passed in front of appellant's car and avoided the collision. His negligence at least contributed to the accident as a proximate cause.

■ The relationship between Davis and respondent was that of master and servant, and not that of host and guest. The negligence of the driver was, therefore, attributable to respondent.

Respondent contends that the act of his driver causing the car to skid cannot be said to be an act of negligence. If we assume the correctness of this contention, then we have a case wherein neither party can be held guilty of negligence, from which it must

follow that liability for the result cannot be fastened upon the appellant.

The judgment is reversed, with direction to the trial court to dismiss the action.

BEALS, C. J., TOLMAN, GERAGHTY, and HOLCOMB, JJ., concur.

MAIN, J. (dissenting)—I am unable to concur in the majority opinion in this case.

Rem. Rev. Stat., § 6362-40, provides that the operator of any motor vehicle entering upon an arterial highway "shall yield the right of way to vehicles on such arterial highway and shall come to a full stop thereat when and where signs, posts or other markers so direct or indicate." Before entering upon Madison street, as held in *Kuhn v. American Fruit Growers,* 154 Wash. 693, 283 Pac. 444, it was the duty of the appellant to look where he could see before attempting to cross. This, from his own testimony, he did not do, and was therefore guilty of negligence.

It was also the appellant's duty to give precedence to vehicles upon the arterial highway, and not attempt to cross or proceed into the highway until there was a reasonable margin of safety for him to cross without interfering with the traffic upon the arterial highway. *Martin v. Westinghouse Electric & Manufacturing Co.,* 162 Wash. 150, 297 Pac. 1098; *Graves v. Flesher,* 176 Wash. 130, 28 P. (2d) 297. The appellant in this case, from his own testimony, did not give precedence to vehicles upon the arterial street, and did attempt to proceed into that street when there was not a reasonable margin of safety.

In response to a question as to what he did before entering, he said: "Well, it seemed my turn to cross and I started up and as I got out into Madison street I saw this car coming." Here, again, he was guilty

of negligence. To say that he was not required to yield the right of way to the Packard approaching from the right and on the opposite side of the street is to disregard the plain language of the statute, which says that the one entering an arterial highway shall yield the right of way to "vehicles on such highway."

In the recent case of *Rust v. Schlaitzer*, 175 Wash. 331, 27 P. (2d) 571, tried to the court without a jury, where an automobile stage and two automobiles were involved, it was held that a driver of one of the automobiles was negligent in attempting to cross an arterial highway and not yield the right of way to vehicles approaching on his right, and it was there said:

"But, notwithstanding the negligence of the bus driver, we think Schlaitzer himself was guilty of contributory negligence as a matter of fact. According to his own testimony, the Rust car was only eighty feet away when he started across the easterly pavement. He was the disfavored driver entering upon an arterial highway. As such, the obligation was upon him to avoid collision with vehicles approaching thereon in such close proximity to the intersection. [Citing authorities.]"

The driver of the Packard, being on an arterial highway, had the right of way, and the appellant, in failing to stop and look where he could see, and in attempting to cross where there was not a reasonable margin of safety, is guilty of negligence in these two respects.

I am unable to see how it can be said that the driver of the Packard car was guilty of contributory negligence. When he saw the appellant's car come upon the street, he was proceeding at a reasonable rate of speed. Believing that appellant's car was going to attempt to cross the street in front of him, and realiz-

ing that there was not time for him to do so, he took his foot off of the accelerator and placed it on the brake. From this time until the collision, the car was out of control.

To say that the driver of the Packard should have known that the appellant would stop before crossing the center of the street, is to require him to know that the appellant was going to do something which he himself says he did not intend to do. When he entered the street, he intended to cross, and the driver of the Packard had the right to act upon this assumption until it appeared that the appellant had changed his mind. When it appeared to the driver of the Packard that the appellant was not going to carry out his original intention, the Packard car was then skidding and out of control.

The case of *Geitzenauer v. Johnson,* 161 Wash. 444, 297 Pac. 174, is upon entirely different facts. There, the plaintiff, being in the disfavored position, entered a street intersection and stopped, when the front right end of his automobile was a few inches over the center line of the crossing street. The defendant was approaching from the right in the favored position and near the center of the street, but there were no other vehicles between the automobile he was driving and the curb. The left front of his car struck the right front of the plaintiff's car. It was there held that the defendant was negligent in striking the plaintiff's car when there was nothing to prevent him from swinging to the right and avoiding a collision. It was also held that the plaintiff was guilty of contributory negligence by not stopping short of the center intersection line.

This case differs from that case in that, here, when the appellant entered the intersection, the driver of

the Packard, in the exercise of ordinary care, lifted his foot from the accelerator and placed it upon the brake, and thereafter the car skidded and was not subject to his control. The accident in this case was plainly caused, as I view it, by the negligence of the appellant, and there is no basis for the charge of contributory negligence on the part of the driver of the Packard.

For the reasons stated, I dissent.

MITCHELL, MILLARD, and BLAKE, JJ., concur with MAIN, J.