[No. 25704. Department Two. August 29, 1935.]

ANN DEVLIN *et al., Respondents,* v. SPOKANE UNITED RAILWAYS, *Appellant.*[1]

[1]Reported in 48 P. (2d) 252.

*Post, Russell, Davis & Paine,* for appellant.
*Joseph J. Lavin,* for respondents.

HOLCOMB, J.—Three cases were consolidated by stipulation of counsel for trial in the court below, inasmuch as they arose out of a single accident. After a trial to a jury before the court below, damages were awarded to each respondent. Respondent Ann Devlin recovered a judgment for $225 for the destruction of the automobile owned by her; respondents Mildred and Esther Devlin, her sisters, the occupants of the automobile at the time of the accident complained of, which automobile was being driven by Mildred Devlin, each recovered damages: Mildred for five hundred dollars for personal injuries sustained by her and for hospital and medical expenses, and Esther Devlin was awarded five thousand dollars for injuries sustained by her and for medical and hospital expenses incurred by reason of such injuries.

No motion for a new trial was interposed in the cases of Ann and Mildred Devlin, but motions for judgments notwithstanding the verdict were interposed against all respondents and a motion for a new trial was presented in the case of respondent Esther Devlin. The foregoing motions were denied.

Although there was some dispute in the facts, as adduced on behalf of respondents they were substan-

tially as follows: Respondents resided for a number of years in a residence occupied by them at the corner of Astor street and Sinto avenue in Spokane. Ann Devlin, who owned the automobile in question, which was used as a family automobile and for transporting them to their respective places of employment, was employed for a number of years by the telephone company as a telephone operator; Mildred and Esther Devlin were both employed by a wholesale hardware firm, Mildred as a telephone operator and Esther as a bookkeeper and comptometer operator. Esther, since the age of seven years, has been deaf and dumb, and neither she nor Ann had ever operated or driven the automobile.

Appellant, for a number of years, has operated motor busses over Astor street, along side of and past the home and property where respondents resided. On August 4, 1934, at about seven-thirty a. m., respondents Mildred and Esther Devlin entered the automobile owned by their sister for the purpose of driving to their places of employment. After the motor was started, the automobile, which was headed into the garage, was backed slowly out toward Astor street, but because of some mechanical difficulty and the failure of the motor to function, it coasted out the driveway, down a slight incline, and came to a stop outside the outer edge of a dirt walk, with its rear wheels extending not to exceed six feet into Astor street, which street is eighty feet wide and uncurbed. Mildred, the driver, looked to the south and saw a motor bus approaching at a point south of the intersection of Astor street and Sharp avenue, more than a block south of the driveway that led from their garage to Astor street.

While the automobile, with motor stalled, was standing in that position, the driver of the motor bus be-

longing to appellant, with ample time to discover the position and peril of respondents and with ample time to bring the bus to a stop within the more than seventy feet of clear space in Astor street, where he could have turned to the left and avoided striking the stalled automobile, proceeded until the bus struck the rear right end of the automobile, in which respondents were seated, throwing it around and forcing it northerly off to the side of the street a distance of thirty-five feet and against a telephone pole. The motor bus proceeded until it reached the cross walk at the northerly boundary of that block, which was one hundred thirty-two feet from the point of the impact, before it was brought to a stop. There was evidence that the bus was running at a speed of thirty-five miles per hour and in violation of an ordinance of the city.

From the collision and impact with the telephone pole against which respondents' car was driven, the car was practically destroyed. Mildred received severe and painful injuries, and Esther sustained serious, painful and permanent injuries, including permanent injury to her eyesight, a severe nervous shock, and a serious facial disfigurement.

Whether or not the right rear end of the automobile of respondents was struck by the front end of the bus, is in dispute. Mildred and Esther, who were in the car, testified that the front of the bus hit the rear end of their car somewhere and turned it around. Other witnesses, who testified on behalf of appellant, admitted that the right front end of the bus struck the right rear end of the automobile. Appellant contended that the bus received no marks except a very slight abrasion of the door on the right-hand side, but a disinterested witness, who was a passenger in the bus, said there was a mark on the headlight, a "bend," as he called it.

The motorman who was operating the bus testified that, when he had passed about half of the alley south of the place of the collision, he saw the automobile; that he did not put the brakes on the bus because he took it for granted that respondents saw him. He further said that they were coming out of the garage at about twelve miles an hour immediately in front of him, and that they were backing out and should have been looking backwards. He said that he saw them, but they didn't see him.

On appeal from the three judgments herein, ten errors are assigned for reversal, but were argued under three groups.

The principal error argued is that respondent Mildred Devlin, driver of respondents' automobile, was guilty of contributory negligence, as a matter of law, which should have been so determined by the trial court. The cases chiefly relied upon by appellant to sustain that contention are: *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106; *Heath v. Wylie,* 109 Wash. 86, 186 Pac. 313; *MacDonald v. Seattle,* 126 Wash. 1, 217 Pac. 39; *Rosenstrom v. North Bend Stage Line,* 154 Wash. 57, 280 Pac. 932; *Kuhn v. American Fruit Growers,* 154 Wash. 693, 283 Pac. 444; *Cooney v. Tacoma Moving & Storage Co.,* 155 Wash. 628, 285 Pac. 667; *McAllister v. Anderson,* 169 Wash. 14, 13 P. (2d) 36; *Rust v. Schlaitzer,* 175 Wash. 331, 27 P. (2d) 571; and *Graves v. Flesher,* 176 Wash. 130, 28 P. (2d) 297.

It must be kept in mind that, if different results can be honestly reached by different minds on contradictory facts taken most favorably in behalf of plaintiffs, then the question of contributory negligence is one of fact for the jury. *Romano v. Short Line Stage Co.,* 142 Wash. 419, 253 Pac. 657; *Hayden v. Colville Valley National Bank,* 180 Wash. 220, 39 P. (2d) 376, 43 P. (2d) 32; *MacDonald v. Gillio,* 181 Wash. 673, 44 P.

(2d) 783; *Greene v. Union Pacific Stages Incorporated,* 182 Wash. 143, 45 P. (2d) 611.

The *Hartley* case, *supra,* cited by appellant, was a case involving a motorcycle which suddenly turned in front of an oncoming automobile and the injured party was not discovered until the instant of the impact. The *Heath* case was one where plaintiff testified that he looked and saw no car approaching, although the car was in plain view and almost upon him. In the *MacDonald* case, the plaintiff had put himself in a position of danger in front of a slowly moving street car which he claimed he did not see, and there was no evidence that the motorman saw him in time to avoid the injury. The *Kuhn* case was one where the injured party turned in front of an oncoming truck, seventy-five to eighty feet distant, without looking for approaching traffic, and took no precaution whatever for his own safety. The other cases cited followed the same rulings upon similar facts.

In the instant case, the motorman, or bus driver, placed the burden upon others rightfully in the street of protecting themselves against him as if his car had the right of way to the whole street. He saw them, but they didn't see him. That being true, and it being a street upon which the traffic was probably slight at that time of the morning, and there is no evidence of congested traffic, he could easily have stopped, when operating his bus at what he said was his speed of eighteen or twenty miles an hour, as he testified, in twenty-four feet. The automobile of respondents being stalled and stopped, it was impossible for them to move it to avoid the approaching bus.

The facts in this case make it very similar to the case of *Yenor v. Spokane United Railways,* 143 Wash. 541, 255 Pac. 947. In that case, a street car *running upon fixed rails* was involved, while here appellant op-

erated a motor bus capable of veering aside so as to avoid impending collisions with other vehicles. In that case, an automobile stalled upon the street car rails. In the instant case, the automobile of respondents was stalled with the rear wheels extending slightly into the street upon which the motor bus operated. In the *Yenor* case, the street car ran into and struck the rear end of the stalled automobile. In this case the bus ran into and struck the rear end of respondents' automobile.

After striking the automobile, the bus traveled a distance of about one hundred thirty-two feet. That, in itself, somewhat tends to prove an excessive rate of speed on the part of the bus driver. A somewhat similar case with this case, on the facts, was that of *Fisher v. Tacoma Railway & Power Co.*, 148 Wash. 122, 268 Pac. 180. See, also, *Stephenson v. Parton*, 89 Wash. 653, 155 Pac. 147; *Leftridge v. Seattle*, 130 Wash. 541, 228 Pac. 302; *Zettler v. Seattle*, 153 Wash. 179, 279 Pac. 570; and *Settles v. Johnson*, 162 Wash. 466, 298 Pac. 690.

We conclude that, in this case, the contributory negligence of the driver of the automobile was a question of fact for the jury, and not a question of law for the trial court or this court.

Under the cases last above cited, it would have been error for the trial judge to have granted the motion for judgment n. o. v.

The trial court gave an instruction upon both phases of last clear chance under the rule existing in this state. No complaint is made of the correctness of the instruction upon that subject, it being contended only that there was no room for the application of that doctrine to these cases.

Under the facts heretofore recited, we think the principle of last clear chance is properly invoked, par-

ticularly under the *Stephenson* and *Zettler* cases, *supra*.

█ It is insisted by appellant that its motion for a new trial in the case of Esther Devlin should have been granted upon the ground that the verdict was excessive and influenced by passion and prejudice on the part of the jury.

The trial court considered the evidence in passing upon the motion for a new trial. We have examined it, and we cannot see that the trial court abused its discretion in denying a new trial on that ground. Esther, who was already deprived of two of her senses, is now partially deprived of her sense of sight, permanently. She has also become very nervous and suffers from facial disfigurement. Her recovery falls well within the recoveries heretofore allowed by this court for no greater and even less permanent injuries. See *Johnson v. North Coast Stevedoring Co.*, 109 Wash. 236, 186 Pac. 663; *Wiard v. Market Operating Corporation*, 178 Wash. 265, 34 P. (2d) 875.

The trial court having exercised its discretion in that matter and refused to interfere with the recovery, we shall not disturb it.

We find no reversible error in the record, and the judgments are all affirmed.

MITCHELL, STEINERT, and BLAKE, JJ., concur.

## ON REHEARING.

[*En Banc.* February 1, 1936.]

PER CURIAM.—Upon a rehearing *En Banc*, a majority of the court adheres to the Departmental opinion heretofore filed herein.