[No. 26348. Department Two. March 24, 1937.]

R. O. DYER, *Respondent,* v. J. H. WALLNER *et al.,* *Appellants.*[1]

*Harry M. Morey,* for appellants.

*L. D. Keith,* for respondent.

[1]Reported in 65 P. (2d) 1281.

BEALS, J.—Plaintiff sued for damages suffered as the result of a collision between his Graham sedan, driven by himself, and a Chevrolet truck, operated by defendant J. H. Wallner. He demanded five hundred dollars as damages for injuries to his person, three hundred dollars for damages to his automobile, and approximately one hundred dollars for loss of the use thereof. Defendants answered, denying all negligence on the part of Mr. Wallner, and demanding judgment against plaintiff for damages to their truck. They also pleaded contributory negligence on plaintiff's part. The action was tried to the court, sitting without a jury, and resulted in findings of fact and conclusions of law in plaintiff's favor, followed by a judgment against defendants for the sum of $240, based on damage to plaintiff's car, from which defendants have appealed.

Error is assigned upon certain of the findings of fact and conclusions of law; upon the holding that the doctrine of last clear chance applied; upon the refusal of the court to award appellants judgment against respondent; and upon the entry of the judgment against them.

Appellant J. H. Wallner will hereafter be referred to as though he were the sole appellant.

The collision occurred at approximately eight o'clock a. m., December 24, 1935. Respondent was driving his sedan south on Rachel street, in the town of Dishman, a suburb of Spokane, approaching the intersection with Valley way, which runs east and west and crosses Rachel street at right angles. Both streets had macadamized surfaces, upon which was some gravel. Appellant was driving his truck easterly on Valley way, also approaching the intersection.

The trial court found that, as respondent approached the intersection, he saw appellant approaching at a

speed of approximately thirty miles per hour; that respondent, whose car was moving slowly, stopped at a point from four to six feet south of the northerly line of Valley way; that thereafter appellant, driving to the north of the center line of Valley way, without diminishing his speed, struck the right front corner of respondent's car. The court further found that appellant saw, or should have seen, respondent's automobile, and made no effort to turn his truck into the south half of Valley way, where he should have been, although that portion of Valley way was clear of traffic and available to appellant. The trial court fixed the responsibility for the collision upon appellant, and entered judgment as above stated.

Appellant was on the right, and was the favored driver. The collision occurred within the intersection, and no city ordinance is cited as bearing upon the situation. There was some snow on the ground, and respondent, when he saw appellant approaching, put on his brakes, with the result that his car skidded for twenty or thirty feet before coming to rest within the intersection. Appellant contends that each car was visible to the other from points sixty or seventy-five feet back from the intersection.

Valley way is an unpaved forty-foot street, dedicated as a county road. The exact margins of the street are not clearly indicated on the ground. A clearly defined portion of each street was used for traffic. Where this portion of Valley way was situated with regard to the actual center line of the street, does not appear with precision, but the portion of the street used for traffic occupies approximately the center thereof.

Appellant strenuously contends that the finding of the trial court, to the effect that appellant struck respondent while driving with at least a portion of his car on the north side of the center line of Valley way,

is not supported by the evidence, and that, even though he may have been as much as five feet to the north of such center line, this of itself does not constitute actionable negligence.

Appellant also argues that respondent approached the intersection at a rate of speed which was dangerous, under the existing conditions, and failed to yield the right of way to appellant, who was on the right. Manifestly, if respondent's car at all times remained north of the center line of Valley way, and north of the center line of that portion of the street used for vehicular traffic, respondent did yield to appellant the right of way to which the latter was entitled.

The finding of the trial court that, before the collision, respondent's car had stopped, resting entirely upon the north half of Valley way, is amply supported by competent evidence, and renders immaterial any possible negligence on respondent's part in the manner of his approach to the intersection. Examination of the record convinces us that the evidence preponderates in favor of the court's finding that the collision occurred within the northerly half of Valley way. We also agree with the opinion of the trial court that the left front of appellant's truck struck respondent's car.

The trial court viewed the scene of the accident, and evidently carefully considered the evidence in the light of the knowledge thus gained. There was no other traffic to complicate the situation, and, while appellant had the right of way, it cannot be held that the trial court erred in holding that appellant's negligence was the proximate cause of the accident.

In the case of *Geitzenauer v. Johnson,* 161 Wash. 444, 297 Pac. 174, based upon an intersection automobile collision, it was held that a driver who had the right of way could not recover when on his half of

the street there was ample room for him to pass the other car, of which opportunity he did not avail himself. It was also held that the disfavored driver could not recover, because he stopped his car approximately eighteen inches over the center line of the street, and encroached that distance upon the half of the street which the law appropriated to the use of the driver on the right.

Both these principles militate against appellant's position. It is clear that, by the exercise of some slight care and attention, appellant could have avoided the collision by turning slightly to his right, as there was ample room on the south half of Valley way for appellant's truck to safely pass respondent's car. Under the holding in the case cited, appellant's carelessness would preclude any recovery on his part, and might well render him liable to respondent. On the other hand, if, as the court found, respondent's car came to rest without encroaching at all upon the south half of Valley way, appellant was liable to respondent for his negligence in encroaching upon the half of the highway which respondent was entitled to use.

In the course of the opinion, this court said:

"Appellant, being on the right, was the favored driver, but we think the testimony in this case clearly shows that it was appellant's car that ran into respondent's car. The testimony also clearly shows that there was no obstructing traffic, and that, while appellant was driving to the right of the center of the street, yet there was a clear space of some sixteen or seventeen feet between the front end of respondent's car and the curb, so that, had appellant given even the slightest look at the path over which she was traveling, she must have seen respondent's car and have had ample opportunity to avoid the collision. All that was necessary for her to do, was to swerve one foot to the right and she could have easily avoided all injury. Her own carelessness, in failing to look, and in failing to

take advantage of the ample space left her in which to pass, precludes recovery by her. . . .

"We hold that, when the statute requires a driver to look out for and give the right of way to vehicles approaching from his right, in the absence of some extraordinary or unusual circumstances it means that that portion of the street shall be surrendered over which the favored car has a right to travel. Differently stated, we hold that, where the disfavored driver is attempting to surrender the right of way, as in this case, he must surrender at least the entire portion of the street to the right of the center line; that failing to do so is a violation of the statute, and under numerous decisions of this court, constitutes negligence."

The converse of this is equally true, that the favored driver may not encroach upon the half of the street upon which the other car may lawfully proceed or stand.

In the case of *Hemrich v. Koch*, 177 Wash. 272, 31 P. (2d) 529, it was held that the driver of an automobile having the right of way, both because on an arterial highway and on the right, could not recover damages based upon a collision with another car which had, from an intersecting street, driven into the arterial, but stopped in the half of the street which it was entitled to use. No question was raised as to the responsibility of the driver upon the arterial highway to the driver of the other car, but it was held that the driver of the car which had stopped had done his full duty in yielding to the driver of the other car the half of the street which he was entitled to use.

The case of *Finical v. McDonald*, 185 Wash. 121, 52 P. (2d) 1250, supports the trial court's holding that, under the facts in the case at bar, appellant was guilty of negligence.

The cases cited by appellant do not militate against the holding that, under the facts in the case at bar, ap-

pellant was guilty of such negligence as to render him liable to respondent.

On the facts, it cannot be held that the evidence preponderates against the findings of the trial court. Indeed, we are of the opinion that these findings are well supported by the record, and the judgment appealed from is accordingly affirmed.

STEINERT, C. J., TOLMAN, and ROBINSON, JJ., concur.

HOLCOMB, J. (concurring)—While I cannot give my concurrence to the reasoning or the result reached in the *Geitzenauer* case, cited by the majority, I do heartily concur in the result reached in this case, because of the all-sufficient reason that the trial court found, and there is no preponderance against but rather for the finding, that the collision in this case had occurred north of the center of the intersection, and that the left front of appellant's truck struck respondent's car.

There is no need to go further and reaffirm bad law when those facts are all-powerful.